OCTOBER TERM, 1887.

CRAIG v. SMITH ET AL.

1. Where suit is brought against a partnership to collect a firm debt, it is error to render judgment against one of the partners alone as for an individual debt.

2. A plea in abatement must be specific. The proceedings before a justice on such plea must appear in evidence at the retrial on appeal, and be preserved by the bill of exceptions, or they will not be considered by this court.

*Appeal from District Court, Conejos County.*

THIS suit was brought before a justice of the peace against "P. L. Craig and W. B. Broad, partners using the firm name of Broad & Craig," for a certain demand alleged to be due Smith & Wilson. Service of process was secured only upon Craig, one of the partners. The return of the constable recited the fact that such service was had "by reading the within to the within-named defendant, and by leaving with him, P. L. Craig, of the firm of Broad & Craig, a copy of the same." Judgment was rendered by the justice of the peace for plaintiff for $188.25, and an appeal taken to the county court. Motion in said court to dismiss; overruled. Change of venue taken by Craig to the district court. Motion to dismiss renewed in the district court, and denied. Trial had, and verdict and judgment against "defendant P. L. Craig" for $168.25. Appeal by Craig to supreme court. Remaining facts sufficiently stated in the opinion.

Mr. C. C. HOLBROOK, for appellant.

Messrs. WELLS, SMITH and MACON, for appellees.

HELM, J. This action was brought against the firm of Broad & Craig to collect an alleged partnership debt.

Judgment was rendered against Craig, the partner served with process, as if for an individual debt.

The evidence is not before us. Whether it established a debt against the firm, a joint liability of Craig and the firm, or simply a personal liability on the part of Craig, it was error to render judgment against Craig alone, because he was not a party to the suit. Freem. Judg. § 141, and cases cited. Craig was served with process solely as a partner, and as a partner he responded and defended. His objection to individual liability through a personal judgment could not have been interposed earlier in the proceedings than it was, because prior to judgment there may have been nothing to apprise him of an intention to hold him for the amount recovered, except as he might be held through a judgment against the firm. The individual property of Craig, as one of the partners, aside from his interest in the partnership property, might, under proper circumstances, be subjected to the payment of a partnership debt; but this fact does not affect his right to have the judgment for a firm debt entered against the firm, and the whole partnership property thus made liable for such debt; nor can it render valid a judgment against one not a party to the record.

For this error the judgment must be reversed. But in view of a retrial in the court below, it becomes necessary to notice two of the remaining questions presented for consideration.

The objection, in the nature of a plea in abatement, relating to the pendency of another suit between the same parties, and involving the same cause of action, cannot be sustained. *First*, because the showing made in support of the motion or plea was insufficient. It does not appear but that the suit begun before Justice Moon had been discontinued by virtue of the statute (sec. 1941, Gen. St.), when the summons in the present action issued from the office of Justice Lewis. *Yentzer v. Thayer, ante,* p. 63. *Second,* because we are not advised that the record

of the proceedings before Justice Moon was offered in evidence, or properly presented at the trial in the district court. And, *third*, if that record was in evidence, it is not preserved in the bill of exceptions, and for this reason could not be here considered.

By taking his appeal from the justice to the county court, asking and securing a change of venue to the district court, and appearing and trying the cause in the latter court on its merits, without objecting to the action of the justice in continuing the hearing before him, Craig waived the right to be now heard as to the alleged erroneous proceeding.

The judgment of the district court is reversed and the cause remanded.

*Reversed.*