Bissell, J.,
delivered the opinion of the court.
This case is clearly controlled by the principles announced in Exchange Bank v. Ford, 7 Colo. 314, and Craig v. Smith, 10 Colo. 220. According to the record the plaintiff declared on a debt due from a firm and the proof established a co-partnership liability. Koppin was the publisher of a paper called “ The Montrose Enterprise,” and at various times had published in that journal advertisements and local notices at *116 the request of Dessauer & Disman, who were doing business as a firm in the town of Montrose. The complaint embraced other causes of action against the partners, but as in the account which Koppin sought to recover, if there was any indebtedness at all against them, it had been contracted by the partners and for the benefit of their joint enterprise. The suit was brought in July, 1891, and the court acquired jurisdiction by the service of the summons on Ben Disman, one of the copartners. There was no service on the other member of the firm, and although the answer appears to be that of the copartnership, there was evidently no appearance by Dessauer, since in the entry of judgment this lack of service is recited. Under these facts the court entered judgment that the plaintiff “have and recover of and from Ben Disman, one of the defendants, judgment in the sum of $75.55,” etc.
There is nowhere in the record any entry showing the rendition of judgment against the firm, or any other recovery by the plaintiff save what has already been cited.
Under these circumstances it is manifest the judgment cannot stand. In the facts disclosed by the record, and in the character of the judgment entered, there is no difference between this case and that of Craig v. Smith. Judgment was rendered against Disman, the partner served with process, as if for an individual debt. As is decided in the case last referred to, the only judgment which may be entered in a case of this description is one against the copartnership. The reasons given for that decision are entirely satisfactory. The plaintiff • is entitled to enforce his claim against the co-partnership property, and the partner who is served with process has clearly the right to insist that the firm assets shall be exhausted before the creditor shall resort to his individual property for the satisfaction of his claim.
Since the judgment entered was not in harmony with this well established rule, it must be judged erroneous, and the cause reversed and remanded for further proceedings in conformity with this opinion.

Reversed.