[No. 1805.]

## DOTY v. IRWIN-PHILLIPS COMPANY.

1. BILLS AND NOTES—PLEADING.

Where a complaint upon a promissory note alleges the execution and delivery of the note to plaintiff, the presumption is that the ownership and possession continues in plaintiff, and it is not necessary for him to allege that he is the owner and in possession of the note.

2. PARTNERSHIP—PARTIES—ACTION AGAINST SURVIVOR—ESTATE OF DECEDENT.

A joint action on a partnership debt cannot be brought against the administrator of a deceased partner and the survivor, but a separate action can be brought against each, and a judgment against one does not bar the action against the other. The fact that a partnership note was presented and allowed against the estate of a deceased partner and partly paid did not preclude the claimant from afterwards bringing an action against the survivor for the balance.

*Error to the County Court of Boulder County.*

Mr. CHAS. M. CAMPBELL, for plaintiff in error.

Mr. LEWIS S. YOUNG, for defendant in error.

THOMSON, J.

The Irwin-Phillips Company was the holder of three notes executed to it by the firm of Doty & Doty, on the 21st day of March, 1896, one for $306.35, and the others for $400 each; the first payable sixty days, the second ninety days, and the third four months, after date. The firm was composed of John J. Doty and John R. Doty. On the 26th day of October, 1896, John R. died, and letters of administration upon the partnership estate were issued to the surviving partner, John J. These notes were duly presented to the probate court, and by it allowed against the estate. By order of the court, payments on the notes were, from time to time, made by the administrator, and these payments were indorsed upon them. The indorsements show that the first

note was paid in full, and that the amount due on the second was considerably reduced.

The company brought this suit against John J. Doty, as surviving partner, to recover a judgment for the balance due on the notes, after deducting the credits to which they were entitled. The complaint was demurred to for the reason that, while it alleged the execution and delivery to the plaintiff by the firm of Doty & Doty of the notes sued on, it did not allege that the plaintiff was the owner or in possession of the notes. The demurrer was overruled. The complaint set forth the execution and delivery of the notes with sufficient clearness. The plaintiff having been invested with the ownership and possession of the instruments when they were made, the legal presumption is that such ownership and possession continued in it, and it was unnecessary to embody the presumption in a statement. There was nothing in the demurrer.

But the principal point made in behalf of the defendant, as we understand it, is that when the plaintiff had its claim allowed by the probate court, its cause of action became merged in the judgment and cannot be made the subject of another suit. Each member of a partnership is personally liable for the debts of the firm, and suit may be brought, and judgment recovered against them jointly on account of partnership liabilities; although by section 14 of the code, in the case of a claim against a partnership, the members may be sued by their firm name, but the judgment will bind only the joint property of the associates, and the separate property of the party served. In such case the judgment should be against the partnership, and a judgment not against the partnership, but against the member served as for an individual debt of his own, would be erroneous, because it would deprive him of the right to have the partnership property made liable for the debt, and to turn that property out for the satisfaction of the judgment. *Craig v. Smith*, 10 Colo. 220; *Dessauer v. Koppin*, 3 Colo. App. 115. See also Appendix to same volume, p. 582.

VOL. XV—7

But this law is applicable only while all the partners are alive. When the partnership is dissolved by the death of one of its members, the partnership assets can be reached only in a proceeding against the estate. There can be no joint action at law against the surviving partners and the estate, because the judgment which may be rendered against the former, and that which may be rendered against the latter, are not of the same nature. *Mattison v. Childs*, 5 Colo. 78; *Metz v. The People*, 6 Colo. App. 57.

A creditor of the firm is entitled to his remedy against both the partnership and its individual members. He had the right to enforce his claim against the partnership assets, and also the personal judgment against the individuals composing the firm, and if the partnership effects are in the hands of an administrator, as the creditor is then unable to join the surviving partners and the administrator in one action, he must proceed against them separately, and a judgment against one would be no bar to a suit against the other. He is entitled to the same remedies that he had while the partnership existed, but owing to the changed situation, they are not available to him in the same action. Therefore his claim is not merged in a judgment against one, in such manner as to deprive him of his remedy against the other.

This principle is well illustrated in *Fitzgerald v. Burke*, 14 Colo. 559, where it is said by the supreme court, that in the case of a joint and several contract, all the parties may be sued jointly, or each severally, for the whole amount due, and a recovery against one without satisfaction would be no bar to a suit against the others. See also *Armstrong v. Prewitt*, 5 Mo. 476. We are not aware that there is anywhere any dissent from this doctrine. Applying it to this case, the estate was liable for the debt, and so was the defendant. The plaintiff procured an allowance of his claim in the probate court, and then brought suit against the surviving partner. He was entitled to judgment against each because he could not sue them jointly he was compelled to sue them separately, and the judgment against the estate is no bar to this

action, unless it has been satisfied, as, admittedly, it has not been. The defense is devoid of merit, and the judgment is affirmed.

*Affirmed.*