### 3014.   SOUTHERN RAILWAY CO. *v.* DAVIS.

A liberal construction should be given to appeal bonds; and, where the language of the appeal bond is sufficient to afford ample protection to the appellee in the event he prevails in the suit, the appeal should not be dismissed on the ground that the statute was not complied with in the technical execution of the bond.

DECIDED AUGUST 4, 1911.

Appeal; from Floyd superior court—Judge Maddox. October 28, 1910.

*Maddox, McCamy & Shumate, George A. H. Harris & Sons,* for plaintiff in error.

*Eubanks & Mebane,* contra.

HILL, C. J.   Davis brought suit in a justice's court against the Southern Railway Company to recover damages for the killing of his steer. From an adverse judgment the railway company entered an appeal to a jury in the superior court.

The appeal bond was as follows: "J. M. Davis v. Southern Railway Company. Justice court of 1569th Dist. G. M. Floyd county, Ga. Suit for killing steer. Judgment for plaintiff for $75.00. Now comes the defendant in the above-stated case, and being dissatisfied with the judgment rendered thereon, and within the time allowed by law, after paying all costs, enters this its appeal to a jury in the superior court of said county, and brings J. G. Early and tenders him as security on the appeal bond. October 16, 1909, Southern Railway Co., by its attorney, George A. H. Harris Jr., Principal. [Seal.]   J. G. Early, Security. [Seal.]" The judge of the superior court dismissed the appeal, holding that the above bond was not sufficient, because it did not contain the words "for the eventual condemnation money." The judgment dismissing the appeal is assigned as error.

We think that the appeal should not have been dismissed for this reason. The liability of the security on an appeal bond is fixed by

law. The purpose of the bond is to protect the appellee in the event the appellant does not succeed in the appeal and is not able, or for any reason refuses, to pay the judgment against him rendered by the superior court. Under the terms of the bond in this case, if a final judgment had been rendered against the appellant, can it be doubted that the bond would have been sufficient to hold the surety thereon and to compel him to pay the final judgment? The bond stated the amount of the judgment rendered against the appellant in the court below, and the security, when he signed the bond, must have known that he obligated himself to pay as security on the appeal bond, which could have no other meaning than that as security he obligated himself to pay the final judgment against his principal. In other words, we think that the language of the bond filed in this case and approved by the justice of the peace,—"as security on the appeal bond,"—is equivalent to the words, "as security for the eventual condemnation money."

In the case of *Shirley* v. *Price,* 30 *Ga.* 328, the Supreme Court held that the words, "I stand security on the appeal of the above stated case," signed by the security and following a statement of the case and of the judgment entered therein and the appeal entered therefrom, were equivalent to the words, "I stand security for the eventual costs and condemnation money."

In *Hays* v. *Eubanks,* 125 *Ga.* 352 (54 S. E. 174), in discussing the statutory requirements as to appeal bonds, the following significant language is used: "A reasonable intendment and liberal construction has heretofore been uniformly given to appeal bonds, which are not governed by the strict rules applicable to technical pleading, but which are to be held legally sufficient whenever there has been a substantial compliance with statutory requirements on the part of the appellant, and the contemplated protection to which the opposite party is entitled is thereby afforded him."

The appeal bond in the present case was sufficient to have afforded ample protection to the appellee in the event the appellant did not succeed in its appeal. See *Smith* v. *Jackson,* 122 *Ga.* 857 (50 S. E. 930); *Hendrix* v. *Mason,* 70 *Ga.* 525; *Seymour* v. *Howard,* 15 *Ga.* 110. Besides, if the appeal bond in this case had been deficient for the reason stated, an opportunity should have been afforded for an amendment thereof. Civil Code (1910), § 5707.                                    *Judgment reversed.*