### 3563.   MYERS v. HOOK.

1. Motions for continuance are addressed to the sound discretion of the court, and the discretion of the court will not be controlled, unless clearly abused. Generally an amendment to the plaintiff's petition, when it merely amplifies the statement of the case, will not require the grant of a continuance; and the facts of the present case do not place it within an exception to the general rule.

2. The demurrer was properly overruled, because the petition asserted with sufficient particularity an individual liability on the part of the defendant, and did not set forth, as insisted by the demurrer, partnership liability.

3. The plaintiff having alleged in his petition that the defendant was indebted to him as an individual, and having proved that the indebtedness, if there was any, was due by a partnership, he failed to prove his case as laid, and the motion to award a nonsuit should have been granted.

DECIDED SEPTEMBER 27, 1912.

Complaint; from city court of Tifton—Judge R. Eve. June 10, 1911.

*Hendricks & Christian, James H. Price, R. D. Smith,* for plaintiff in error.

*C. C. Hall, Claude Payton,* contra.

RUSSELL, J. It appears from the record that Hook brought suit against Myers upon an open account for $525, with interest from January 1, 1906, alleging in his petition an individual indebtedness on the part of Myers, consisting of an item of $400 for a third interest in mules and log carts (alleged to be worth $1,200), and $125, "balance of one-third payment" for three and two-thirds months' wages. The defendant specially demurred to the plaintiff's petition as not setting forth the plaintiff's demand with sufficient particularity, and also because the liability of the defendant for the $125 (if the defendant was liable at all) was a liability of the partnership of Parker, Hook & Company, and not chargeable to the defendant as an individual. The plaintiff filed two amendments to the petition, the court overruled the demurrer, and exceptions pendente lite were duly filed to this judgment. Thereupon the defendant moved for a continuance, based upon the ground that he was surprised by the contentions of the amendment to the plaintiff's petition, and by reason of the amendment was less prepared to proceed to trial, and was unable to produce proof to disprove the plaintiff's cause of action as amended. The motion to continue was overruled. At the conclusion of the testimony in behalf of the plaintiff the defendant moved to nonsuit the plaintiff, and this motion was overruled. The defendant again moved to continue the case, but, this motion being again overruled, the trial proceeded and resulted in a verdict in favor of the plaintiff.

1. It is not necessary to discuss in detail the various assignments of error, for our ruling upon two of the points is controlling. In so far as the motion to continue (which was twice presented) is concerned, we need only say that all motions for continuance are addressed to the sound legal discretion of the court, and the discretion of the court will not be interfered with except where there is a manifest abuse of discretion. In the present case it can not be said that the amendment (which appears to us merely to amplify the statement of the plaintiff's case and does not present any new state of facts) should necessarily have found the defendant less prepared for trial than he was under the original petition. It seems to us that in ordinary prudence he might as reasonably have

anticipated that the testimony of the absent witness would be necessary before the amendment was filed as after it was allowed.

2. We think the demurrer was properly overruled, because, upon the face of the petition, the plaintiff asserted an individual liability on the part of the defendant, and the overruling of the demurrer at least protected the defendant from any other than an individual liability.

3. We are of the opinion that the court erred in not granting a nonsuit. The testimony, reasonably construed, if it establishes anything, establishes the fact that the partnership of Parker, Hook & Company owed Hook $1,200 for mules, and $375 for salary. According to the testimony of the plaintiff himself, Parker, Hook & Company bought the mules. It is true that he stated that Parker was to pay him $400, and Wood (who was then a partner) was likewise to pay him $400, and that his $400 was already paid. But this purely arbitrary placing of liability can not be supported, in view of the fact that the plaintiff stated in the same connection that the partnership bought the mules and log carts, and used them, and finally sold them to the Tallahassee Lumber Company, and that Myers, at the time he purchased Wood's interest in the partnership, found the mules and log carts among the assets of the partnership. Furthermore, if the partners, without striking a balance or undertaking to effect a settlement, as pointed out in the case of Paulk v. Creech, 8 Ga. App. 738 (5) (70 S. E. 145), were treating the sale of the mules as an individual matter, and for that reason Myers agreed to pay Hook $400 which Wood owed him as an individual, it would have been necessary, in order for Myers to assume the indebtedness of Wood to Hook, that the obligation should have been assumed in writing. The verbal promise of Myers to pay Wood's debt could not be enforced, and there could not be a part payment, because the mules were already in the possession of the partnership at the time Myers bought Wood's interest.

While it is perhaps true that Hook thought that the matter could be treated as an individual transaction, the whole matter was clearly a partnership affair. Parker testified, as Hook had done, that the mules were put into the partnership,—they became partnership property; and even if, at the outset, there was an individual liability on the part of Parker and Wood,—each to pay

Hook $400,—this liability could not be transferred to Myers so as to bind him, unless it had been assumed in writing, because, according to the testimony of the plaintiff himself, the debt of Wood was already a subsisting debt.

What we have said upon the motion for nonsuit practically disposes of the errors assigned upon the charge of the court and obviates the necessity of any further reference to them. The plaintiff may have a good cause of action in a proper equitable proceeding to require Myers to account to him, but, under his testimony in the present case, after pleading a right of action against Myers as an individual, he proved an indebtedness to himself on the part of the partnership known as Parker, Hood & Company. For this reason a nonsuit should have been awarded.

*Judgment reversed. Pottle, J., not presiding.*