26648. BLOUNT, guardian, *v.* DEAN.

DECIDED FEBRUARY 15, 1938.

*Randall Evans Jr.,* for plaintiff in error. *J. Q. West,* contra.

BROYLES, C. J. This case was an appeal from the ordinary's court to the superior court. The appellee, Josie Blount, as guardian of Willie Dean, made an oral motion to dismiss the appeal upon the ground that the bond given by the appellant, Henry Dean, caveator, was not the bond required by law, in that it was made payable to Josie Blount in her individual capacity, and not to her as guardian of Willie Dean. The court held that the bond given was the proper bond, and denied the motion; and the appellee excepted. The appeal and bond read as follows:

"In the court of ordinary of McDuffie County, Georgia. In the matter of final returns of Josie Blount, guardian of Willie Dean filed to December term, 1936: objections filed to said return by Henry E. Dean as sole heir at law of Willie Dean deceased: judgment of the court of ordinary rendered on the 2nd day of January, 1937, in favor of said final returns and allowing said guardian compensation for certain services rendered by said guardian to said ward: appeal of the objector, Henry E. Dean, from the judgment of the court of ordinary of McDuffie County to the superior court of McDuffie County.

"Now comes the objector, Henry E. Dean, on this 6th day of January, 1937, within four days from the date of the rendition of the judgment of the ordinary of McDuffie County, Georgia, and after having paid all costs that have accrued in the court of ordinary in said case, and being dissatisfied with the judgment rendered by said ordinary approving said returns and allowing compensation to said guardian for certain services to said ward, files this his appeal to the superior court of McDuffie County, Georgia, and brings J. M. Hayes, as security, and they, as principal and security, bind themselves individually and collectively unto Josie Blount, guardian of Willie Dean, the appellee in said case, for the payment of any further costs that may accrue by reason of such

appeal. Witness our hands and seals this 6th day of January, 1937.

"Filed in office and approved this 6th day of January, 1937. J. C. Dunn. Ordinary of McDuffie County, Ga.

Henry E. Dean (L. S.) Principal. J. M. Hayes (L. S.) Security."

As held by this court in *Southern Ry. Co.* v. *Davis, 9 Ga. App.* 591 (71 S. E. 1005), "a liberal construction should be given to appeal bonds; and, where the language of the appeal bond is sufficient to afford ample protection to the appellee in the event he prevails in the suit, the appeal should not be dismissed on the ground that the statute was not complied with in the technical execution of the bond." In *Hays* v. *Eubanks, 125 Ga.* 349, 352 (54 S. E. 174), the Supreme Court said: "A reasonable intendment and liberal construction has heretofore been uniformly given to appeal bonds, which are not governed by the strict rules applicable to technical pleading, but which are to be held legally sufficient whenever there has been a substantial compliance with statutory requirements on the part of the appellant and the contemplated protection to which the opposite party is entitled is thereby afforded him." In *Smith* v. *Jackson, 122 Ga.* 856 (50 S. E. 930), the headnote is as follows: "Where a bond given to appeal a case from the ordinary's court to a jury in the superior court recites the parties to the case, the character of the case, the judgment of the court, and the term at which it was rendered, and the appellant and his security acknowledge themselves bound, generally but not to any named obligee, for the eventual costs of the stated case, the fair implication is that the obligor and his security are bound to the appellee in terms of the bond. Such a bond is a substantial compliance with the Civil Code, § 4466." Under the foregoing rulings, the "fair implication" from the bond in the instant case is that the obligor and his security are bound to the appellee, Josie Blount, *as* guardian of Willie Dean, in terms of the bond; and the court did not err in overruling the motion to dismiss the appeal on the ground that the bond was payable to Josie Blount individually, and not to her as guardian.

On the trial the appellant filed an amendment to his caveat which was allowed without objection. Counsel for the appellee then announced that he was not ready to go to trial "because of

surprise at said amendment." Thereupon, the court stated that the case would be continued "until further in the week." Two days later the case was again called and counsel for the appellee again stated that because of the amendment he was not ready to go to trial; that since the case had first been called he had been constantly engaged in trying cases, being on one side of every case tried up until this case was called, and therefore had no opportunity to leave the courthouse except at noon and night, and therefore had been unable to prepare his case to meet the amendment to the caveat. The court refused to again continue the case, and on that ruling error is assigned in the bill of exceptions. The amendment was largely an amplification of the grounds of the original caveat, and, generally, an amendment which merely amplifies an original petition does not require a continuance of the case. *Myers* v. *Hook,* 11 *Ga. App.* 517 (75 S. E. 833). Moreover, all the grounds of the amendment in the instant case related to the sworn returns of the guardian and pointed out certain defects therein and included allegations of fraud on the part of the guardian. Since fraud may be attacked at any time and in any court, the guardian should have been prepared to meet such a charge. "All applications for continuances are addressed to the sound legal discretion of the court" (Code, § 81-1419), "and the discretion of the court will not be controlled, unless clearly abused." *Myers* v. *Hook,* supra. It does not appear in the instant case that the judge abused his discretion in refusing the requested continuance.

There is no assignment of error on the verdict and judgment rendered.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*