27821. DAVIES *v.* TURNER *et al.*

532

Decided November 9, 1939.   Rehearing denied December 20, 1939.

*Holden & Smith, R. W. Smith Jr.,* for plaintiff in error.
*Fred Lee, C. H. Edwards,* contra.

STEPHENS, P. J.   The plaintiffs filed suit on open account against the defendant in the city court of Rabun County, returnable to the May term, 1939, the court convening on the first Monday in May, 1939, which was May 1, 1939.   No defense, plea, or demurrer had been filed in the case on May 1, 1939.   On May 2, 1939, the case was marked "in default."   On May 3, 1939, a judgment was entered in the plaintiffs' favor against the defendant.   On May 17, 1939, the defendant moved to vacate and set aside the judgment on the grounds that neither he nor his counsel had any notice of the call of the appearance docket on May 2, that such case was marked in default without any previous order ever having been entered by the court fixing the date for calling the appearance docket for the May term, 1939, and that the case being one on an unliquidated claim, no judgment could be rendered thereon at the appearance term.   The plaintiffs demurred thereto.   The court sustained the demurrer and dismissed the motion to vacate and set aside such judgment.   To this judgment the defendant excepted.

The city court of Rabun County was created by the act of the General Assembly of this State on December 21, 1937.   It is provided in section 32 of such act "that in all cases, the judge at each term . . shall call the appearance docket upon some day previously fixed, or on the last day of the term, and, upon such call, all cases in which the defendant has not filed a demurrer, plea, answer or other defense shall be marked 'in default,' and in such default cases, except as such may be founded upon unliquidated claims or demands, the judge shall thereupon at said appearance term, render judgment without the verdict of the jury; and in all default cases founded upon unliquidated claims or demands, the judge shall at the request of the plaintiff hear evidence of value or less [loss?] and fix the same, and the judge shall thereupon render judgment without the verdict of a jury."   Ga. L. Ex. Sess., 1937-1938, pp. 727, 740.

It is stated in the bill of exceptions that the return term of this case was the May term, 1939, which convened on May 1, 1939, that there was no day previously set by order of the court for the call of the appearance docket, that on the next day after the convening of the court, to wit, May 2, the appearance docket was called and the case marked in default, that on the next day, May 3, the plaintiffs presented evidence in support of their claim and the trial judge rendered judgment in their favor and against the defendant, that neither the defendant nor his counsel knew that the appearance docket would be called on such day, and that the defendant, on May 17, 1939, filed his motion to vacate such judgment on the ground that the case was marked in default before any day had been previously fixed by order of the court for the call of the appearance docket, which was contrary to the provisions of the act creating the court. The defendant also set up therein that he had a meritorious defense to the suit, a copy of which he attached to his motion, and that he had paid the costs accrued in the case.

It appears from the record and from an examination of an exhibit to the motion to vacate the judgment that the judge of the trial court on May 1, 1939, when the court convened for the May term, 1939, announced in open court that he would call the appearance docket for that term on May 2, at ten a. m. The motion was dismissed by the court on the plaintiff's general demurrer. Where there is a conflict between a recital in the bill of exceptions and the record in a case in this court, the record controls. In these circumstances, it is our opinion that the case was not prematurely marked in default.

It is further provided by the act of 1937-1938, supra, § 7, that the city court of Rabun County is a court of record. This act further provides, § 33: "That except as otherwise provided in this act, all laws and rules that are now or may hereafter be in force in the superior courts of this State, in regard to appearance and pleading, calling the appearance docket, entering the [and?] opening defaults, motions, service, waivers, acknowledgments, pleadings, trials, examination of witnesses, conduct of cases, instructions to juries, rules of evidence, answers, amendments, demurrers, pleas, procedure and practical legal remedies, the production of books, papers, etc., shall appertain in said city court."

The act creating the city court of Rabun County provides, as to cases founded on liquidated claims, that the "judge shall thereupon at said appearance term, render judgment without the verdict of the jury; and in all default cases founded upon unliquidated claims or demands, the judge shall at the request of the plaintiff hear evidence of value or less [loss?] and fix the same, and the judge shall thereupon render judgment without the verdict of a jury."

It is contended that the act creating the city court of Rabun County does not provide that as to unliquidated claims the plaintiff may present evidence and the judge enter judgment at the appearance term, as is provided with reference to liquidated claims, and that, in these circumstances, under the provisions of the act that the laws of this State relative to superior courts as to the calling of the appearance docket, entering and opening defaults, and entering judgments thereon as to unliquidated claims, are applicable. Code, § 110-401, provides that no trial of a case marked in default shall be had at the first term unless specially provided by law. A final judgment can not be entered, unless specially provided by law, at the first term, after entry of default. *Harrell* v. *Davis Wagon Co.,* 140 *Ga.* 127 (78 S. E. 713).

Assuming, but not deciding, that the above contention of the defendant that under the act creating the city court of Rabun County no evidence could be presented and judgment taken on an unliquidated claim for damages at the appearance term, it is our opinion that the suit, being upon an account for a stated balance, and no defense having been filed and the case having been marked in default, the correctness of the balance sued for by the plaintiff became established and fixed without the necessity of proof thereof by the plaintiff, and thus was liquidated as contradistinguished from unliquidated as the latter term is used in section 32 of the act creating the city court of Rabun County. See *Horn* v. *Mound City Paint & Color Co.,* 6 *Ga. App.* 133 (3) (64 S. E. 666); *Norman* v. *Great Western Tailoring Co.,* 121 *Ga.* 813 (49 S. E. 782); *Lenny* v. *Finley,* 118 *Ga.* 427, 428 (2) (45 S. E. 317).

In *Parris* v. *Hightower,* 76 *Ga.* 631, 634, it appeared that the plaintiff on the same date sold goods to the defendant amounting in the aggregate to $112. By an agreement between the parties the account was divided into four separate and distinct parts due respectively on different dates, neither part of which was paid

on the day it fell due. On the first part falling due, the plaintiff instituted suit in the justice's court. The defendant did not appear or plead to either suit, and a judgment by default was entered for each in the full amount of the account attached thereto. The judgments were rendered without proof of either of the accounts. A certiorari was issued by the superior court. It was alleged that the account had been improperly divided so as to bring the case within the jurisdiction of the justice's court and that for this reason the judgments were void, and also because the judgments were rendered without proof of either of the accounts. The certiorari was dismissed and the defendant excepted. The Supreme Court held: "Debts which, in the aggregate, amount to more than justice's court jurisdiction, may be divided into liquidated demands, so as to bring each within such jurisdiction. . . The debtor has a right to have several suits in a justice's court consolidated, if by so doing the court is not ousted of its jurisdiction. . . The sense in which 'liquidated' is used in this connection is equivalent to 'settlement,' 'arrangement,' 'acknowledgment,' 'agreement,' 'to clear from obscurity,' etc., with each of which it is synonymous. A debt may be liquidated, or changed, or settled, or arranged, or agreed on without setting out the terms of the agreement in writing. This is the popular meaning of the term, and its legal import is not different, so far as we can ascertain. These being suits upon open account, and the defendant being personally served, and having failed to appear and defend, either personally or by attorney, at the term when the cases were tried, they were properly considered in default, and judgment was as rightly taken as if each and every item in the several accounts sued on had been proved by other testimony. This applies to all cases of suits on open accounts in the several courts of the State."

It is true that there is a difference between an open account and an account stated. "An account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions, and promising payment." *Moore* v. *Hendrix,* 144 *Ga.* 646, 648 (87 S. E. 915) ; *Heyward* v. *Ramsey,* 31 *Ga. App.* 14, 15 (121 S. E. 847), and cit. In *Hargroves* v. *Cooke,* 15 *Ga.* 321, 332, the Supreme Court said: "When is a debt said to be *liquidated*—a distinction so prominently preserved throughout the whole of our legislation? I answer, whenever the

amount due is agreed upon by the parties, or fixed by operation of law. . . Open accounts are raised by one party only. The merchant, the mechanic, and all others with whom we deal, may charge what they please. It is an ex parte affair. The account is open till agreed to by the other party. . . A shopkeeper may produce a written order for every item in his customer's bill. Still, this does not liquidate it. On the other hand, there may be no written proof; still, if the debtor has acknowledged the justice of the account, it is no longer the act of one party, but the agreement of both—it is liquidated." This case, however, was not dealing with a suit on account which was in default on account of the failure of the debtor to file any plea or answer or to make any appearance, thus giving to the plaintiff creditor the right to take a judgment for the amount of the account without any proof thereof.

In *Nisbet* v. *Lawson,* 1 *Ga.* 275, 287, the Supreme Court stated: "We understand, by *liquidation,* an amount *certain* and *fixed,* either by the act and agreement of the parties or by operation of law; a sum which can not be changed by the proof; it is so much or nothing. . . An *open account* is the reverse of this . . and that by the term *'open accounts,'* are meant, those debts which are subject to future adjustment, and which may be *reduced or modified by proof."* (Italics ours.) See also *Anderson* v. *State,* 2 *Ga.* 370 (4) ; *Roberts* v. *Prior,* 20 *Ga.* 562; *Cornell* v. *Fain,* 33 *Ga.* 219, 224; *Smith* v. *Ellington,* 14 *Ga.* 379, 382. However, in a suit on account for the balance due, when there has been no plea or other defense filed by the defendant, and no appearance by him, and the case has been marked in default under our statutes, the defendant will be taken to have admitted each and every allegation of the plaintiff's petition, including the allegation as to the balance due, and the plaintiff may take a judgment without the introduction of any proof. In such circumstances the account becomes "liquidated" by operation of law, as contradistinguished from the term "unliquidated," as these two words are used in the Code, §§ 110-403, 110-405, as well as in section 32 of the act creating and establishing the city court of Rabun County. In Blaney *v.* Hendrick, 3 Wils. 205, it was stated that in a suit on account for the balance due the plaintiff, where there is a judgment by default and a writ of inquiry, and the plaintiff proves an account stated and a balance then due, "the jury should give interest *for the sum so settled,*

from the time of its being so liquidated." "Unliquidated" means unascertained as to amount or undetermined, as "unliquidated damages." See Funk & Wagnall's New Standard Dictionary (1913, 2613).

In *Norman* v. *Great Western Tailoring Co.*, 121 *Ga.* 813 (49 S. E. 782), it was held: "Where the defendant in a suit upon account is in default, it is unnecessary . . for the plaintiff to make out his case by proof." To the same effect see *Peeples* v. *Sethness Co.*, 119 *Ga.* 777 (47 S. E. 170) and *Horn* v. *Mound City Paint & Color Co.* (supra). See also *Lenney* v. *Finley*, 118 *Ga.* 427, 428 (45 S. E. 317).

*Judgment affirmed. Felton, J., concurs. Sutton, J., concurs in the judgment.*