32436.   GROGAN *v.* HERRINGTON.

DECIDED MAY 20, 1949.   REHEARING DENIED JUNE 29, 1949.

*O. Wendell Horne Jr., Sosebee & Boling,* for plaintiff.
*Benjamin Zeesman,* for defendant.

SUTTON, C. J. (After stating the foregoing facts.) ■ This was a suit in a superior court on a verified account against two persons designated in plaintiff's petition as partners. Personal service was made on one of them, but no service was had on the other. The suit was in default and a verdict and judgment were rendered, at the first term of court, against the defendant who was served, without the submission of proof. The defendant in error contended in his motion to set aside the judgment that the judgment should be set aside as it is based on a void verdict which was taken in a suit on account without the submission of any proof. This contention is without merit. "Where the defendant in a suit upon an account is in default, it is unnecessary, under Civil Code, § 5078 [1895], for the plaintiff to make out his case by proof." *Norman & Harrell* v. *Great Western Tailoring Co.,* 121 *Ga.* 813 (4) (49 S. E. 782). "At the trial, no defense having been filed, and the case being in default, there was no error in directing a verdict in favor of the plaintiff for the amount due on the account. Civil Code, § 5662 [1910]." *Watson & Strickland* v. *Parian Paint Co.,* 138 *Ga.* 621 (3) (75 S. E. 608). Also, see *Horn* v. *Mound City Paint &c. Co.,* 6 *Ga. App.* 133 (3) (64 S. E. 666); *Nix* v. *Bruton,* 10 *Ga. App.* 278 (73 S. E. 350); *Anderson* v. *King,* 19 *Ga. App.* 471 (91 S. E. 788); *Davies* v. *Turner,* 61 *Ga. App.* 531, 536 (6 S. E. 2d, 356); *Peeples* v.

*Sethness Co.,* 119 *Ga.* 777 (47 S. E. 170). Code §§ 5078, Code of 1895, and 5662, Code of 1910, are now included in substance, by the act of 1946 (Ga. L. 1946, p. 777), as a part of § 110-401 of the Code of 1933.

■ The defendant in error also contended in his motion that the judgment should be set aside because the suit purported to be against an alleged partnership, while the verdict and judgment were taken against him individually and not against the alleged partnership. "When a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings." Code, § 110-702. It is provided in Code, § 110-703, among other things, that: "The motion in arrest of judgment must be made during the term at which such judgment was obtained, while a motion to set aside may be made at any time within the statute of limitations." A judgment in a suit against a partnership, where one partner was served, will bind the assets of the partnership and also the individual property of the partner who was served with the suit. Code, § 39-117; *Higdon* v. *Williamson,* 10 *Ga. App.* 376 (1) (73 S. E. 528) ; *Warren Brick Company* v. *Lagarde Lime &c. Co.,* 12 *Ga. App.* 58 (2) (76 S. E. 761) ; *Denton Brothers* v. *Hannah,* 12 *Ga. App.* 494 (4) (77 S. E. 672) ; *Fincher & Womble* v. *Hanson,* 12 *Ga. App.* 608, 611 (77 S. E. 1068). But in this case we have a suit against two persons as partners, with a verdict and judgment against the partner served, without any verdict or judgment against the alleged partnership. If proof had been submitted which showed the indebtedness declared upon in this suit was the debt of the two persons sued as partners, then it would not have been proper to enter a judgment against the partner served and not against the partnership, as the property of the partnership would be liable in such circumstances as well as the property of the partner served. The same situation is presented by the record in this case. The suit is on an account alleged to be the debt of the two persons who are alleged to be partners and sued as defendants, and no proof was submitted, but the verdict and judgment were taken by reason of the suit being in default, and in such circumstances the verdict and judgment should have been taken against the alleged partnership and this would have been bind-

ing on whatever property the partnership may have owned and also on the property of the individual partner who was served with the suit. The verdict and judgment were at variance with the suit as laid. In this connection see *Myers* v. *Hook,* 11 *Ga. App.* 517 (3) (75 S. E. 833); *Massoud* v. *Lamar, Taylor & Riley Drug Co.,* 18 *Ga. App.* 398 (1) (89 S. E. 442); *Tolar* v. *Funderburke,* 21 *Ga. App.* 436 (94 S. E. 592); *Blackwell* v. *Pennington & Sons,* 66 *Ga.* 240 (2); *Thompson* v. *McDonald,* 84 *Ga.* 5 (2) (10 S. E. 448). This defect appears from the pleadings and record and is not amendable. In Colorado the provision of the Code in regard to a suit against a partnership is substantially the same as in Georgia. "By section 14 of the Code [Colo.] in the case of a claim against a partnership, the members may be sued by their firm name." Doty *v.* Irwin-Phillips Co., 15 Colo. App. 96 (61 Pac. 188). "The Code provision is that judgment, if recovered, 'shall bind . . the joint property of the associates and the separate property of the party served.'" Denver National Bank *v.* Grimes, 97 Colo. 158 (47 Pac. 2d 862, 100 A. L. R. 994). In the case of Ellsberry *v.* Block, 28 Colo. 477 (65 Pac. 629), where it appears that suit was instituted against two parties as copartners, only one of whom was served, and where, on motion of the plaintiffs, judgment by default was taken against the individual served, on which error was assigned, the Supreme Court of that State, in reversing the judgment of the lower court, said: "These provisions do not alter any of the fundamental principles of the law as to the joint liability of partners, but are merely intended to change the common law in point of practice; for, according to the rules of the latter, in an action at law against several defendants jointly liable only, all must be served with process before judgment could be entered. Neither have they changed the equitable rule that in an action at law upon a partnership obligation the members served with process have the right to insist that the assets of the firm shall be exhausted before resort can be had to their individual property for the satisfaction of firm indebtedness; hence, in the absence of a judgment against the firm which might have been taken in the first instance, it was certainly error to render one against the defendants as for an individual debt. Craig *v.* Smith, 10 Colo. 220, 15 Pac. 337; Dessauer *v.* Koppin, 3 Colo. App. 115, 32 Pac. 182." See, also, the annotation at 100 A. L. R. 997.

The trial judge did not err in vacating and setting aside the verdict and judgment for the reasons herein set forth.

■ The defendant's motion to arrest and set aside the verdict and judgment was not subject to the plaintiff's general demurrer, nor was paragraph 5 thereof subject to the special demurrer interposed thereto and the trial judge did not err in overruling said demurrers. In view of the above rulings, it is not necessary to pass on the special demurrer to paragraph 3 of said motion, that paragraph of the motion being immaterial.

■ A motion to vacate and set aside a judgment is addressed to the sound discretion of the trial court, and this court will not interfere with the exercise of that discretion where it does not appear that it was abused. Under the record here presented and the law applicable thereto, we are of the opinion that the trial judge did not err or abuse his discretion in vacating and setting aside the verdict and judgment in this case.

Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232, Code, Ann. Supp., § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed. Sutton, C. J., MacIntyre, P. J., Gardner, Parker, and Townsend, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. I think the judgment should be reversed for two reasons.

■ The majority opinion is clearly contrary to the law under decisions of this court and the Supreme Court in that it permits the setting aside of a judgment based on a jury verdict for a defect which does *not* appear on the face of the record. In a proceeding to set aside a judgment based on a verdict the brief of evidence is not a part of the record. *DeCoff* v. *Newman,* 79 *Ga. App.* 162 (53 S. E. 2d, 134). The record in this case only shows the pleadings, a jury verdict and a judgment. The statement of counsel for both sides that there was no evidence introduced is not a part of the record in the original trial. The only recourses the defendant in error had were to move to correct the verdict before the jury retired or to move for a new trial. The court had no sufficient legal reason to set aside the judgment based on a jury verdict. This court touches very lightly if at all

on the main reason given by the trial court in setting aside the judgment, to wit, "that Herrington should have his day in court and his circumstances and his ignorance of the new rules of procedure." The majority obviously disagrees with that ground. For authorities on the question of setting aside judgments based on jury verdicts for irregularities not appearing on the face of the record, see the dissent in *Berkeley* v. *State of Georgia,* 74 *Ga. App.* 711, 718 (41 S. E. 2d, 265).

■ The majority bases its conclusion on a misconception of Georgia law and in support of which no Georgia law is cited. The opinion is based on Colorado law which happens not to be good Georgia law. The premise used by the majority is that where a judgment is entered against a partnership and also against the partner served, or where a judgment is against the partnership alone and execution is issued against the partner served, the partner has the legal right to require that partnership assets be exhausted before his individual property can be seized and applied on the partnership debt. The Supreme Court, in *Drucker & Brother* v. *Wellhouse & Sons,* 82 *Ga.* 129 (8 S. E. 40, 2 L. R. A. 328), quoted at length from 1 Lindley on Partnership, 4th ed. 207 and Dicey on Parties by Furman, 169, 183. [See Lindley, 9th ed. p. 152.] One quotation is as follows: "A member of an ordinary partnership is at law, as in commerce, the agent of the firm for the purpose of transacting its business; *but he is not the surety of the firm. Every member of an ordinary partnership, however numerous the partners may be, is liable to have his property seized for a partnership debt, whether the firm has assets to pay it or not. . ."* (Emphasis added.) The rule applied by the majority is an equitable rule which can only be invoked in equity by creditors of the partnership and individual partners. 40 Am. Jur. § 399, p. 402. In 100 A. L. R. 998 the editor states: "According to the view generally followed an action successfully prosecuted against a firm, in the firm name, merely authorizes, in the first instance at least, a judgment against the firm in the firm name," and cites Colorado and other State cases, but none from Georgia. On page 999 of the same book the editor states: "Even where the statute declares that the judgment against the firm shall bind the individual property of members served, the liability of such mem-

512

bers has been regarded as merely secondary and subordinate to the firm liability, so as to require some sort of judgment to be entered against the individual before seizure of his property. See the Colorado and Iowa decisions II infra." It was that principle that prompted the cases cited from Colorado by the majority. On page 999, same book, the editor states: "In Georgia alone, of the states of the Union, does a judgment against a firm in the firm name ipso facto authorize the immediate issuance of an execution against the property of an individual. See Georgia cases, II infra." In the case of Denver National Bank v. Grimes, supra, cited by the majority, there was a judgment against the partnership in the first instance. The execution was returned unsatisfied and the plaintiff moved for a judgment against the partner served. The court held that such procedure was proper under "the genius of our decisions." This court in *Ragan* v. *Smith*, 49 *Ga. App.* 118 (2) (174 S. E. 180), in the second headnote, according to my interpretation of the import of the opinion, ruled directly contrary to the majority opinion in this case. The cases cited by the majority for the ruling in this case do not support it in a single instance.