## 35566. WALLIS *v.* McMURRAY.

TOWNSEND, J. 1. Where a case is in default and no motion to open the default has been made within a 15-day period thereafter, as provided by Code (Ann. Supp.) § 110-401, it is discretionary with the trial court to permit the default to be opened after such time but before final judgment, on compliance with Code (Ann. Supp.) § 110-404, but such discretion must be exercised in accordance with law. *Green* v. *Whitehead,* 204 *Ga.* 274 (49 S. E. 2d 527). One of the provisions of this latter Code section is that the showing "shall set up a meritorious defense." The defendant's petition to open the default in this case, at a subsequent term of court but prior to final judgment, failed to set up any such defense and was accordingly properly stricken on motion. *McMurria Motor Co.* v. *Bishop,* 86 *Ga. App.* 750 (72 S. E. 2d 469).

2. Under the provisions of art. VI, sec. IV, par. VII of the Constitution of Georgia (Code, Ann., § 2-3907), the court shall render judgment without the verdict of a jury in all civil cases except actions *ex delicto* where no issuable defense is filed and where a jury is not demanded in writing by either party. This not being an action ex delicto, and no demand for a jury having been made, it was proper for the court to act without the intervention of a jury. The provisions of Code (Ann. Supp.) § 110-401, that the "claim, allegation or demand may at any time thereafter [any time more than 15 days after the case becomes in default] be tried *without the intervention of a jury* unless the suit is one for unliquidated damages, whether *ex contractu* or ex delicto, *in either of*

*which events* the plaintiff shall be required to introduce evidence and establish the amount of damages before a jury," (italics ours) which provisions undertake to require a jury verdict in all such actions arising ex contractu, are in violation of the foregoing quoted constitutional provision, which must prevail over these statutory provisions. The provisions of Code (Ann. Supp.) § 110-401, that "the plaintiff shall be required to introduce evidence and establish the amount of damages," are not in conflict with the constitutional provision herein set forth and must be applied so as to give effect to all the parts thereof not in conflict with the Constitution. This constitutional provision makes it the duty of the judge without a jury to hear such evidence and fix the amount of damages.

3. The constitutionality of the statute in question (Code, Ann. Supp., § 110-401) is not under attack so as to invest the Supreme Court and not this court with jurisdiction. Nothing in this decision is to be construed as passing on the constitutionality of the statute in question, but this court, in case of a conflict between a statute and a constitutional provision is bound by the constitutional provision.

4. The items for which the plaintiff seeks recovery in this action are such that the trial court must, in the absence of a written demand on the part of either party for a jury, hear evidence and determine the amount of the judgment to be rendered for the plaintiff, based on what is shown by the evidence to be the reasonable value of the services of the plaintiff to the defendant plus the other sums alleged to be due under the contract. The provision of Code (Ann. Supp.) § 110-401, that "his claim, allegation or demand may at any time thereafter be tried without the intervention of a jury unless the suit is one for unliquidated damages," connotes that, if the damages are unliquidated, evidence in support thereof must be introduced; otherwise the judgment may be taken without evidence, under the authority of *Grogan* v. *Herrington,* 79 *Ga. App.* 505 (1) (54 S. E. 2d 284), *Norman & Harrell* v. *Great Western Tailoring Co.,* 121 *Ga.* 813 (4) (49 S. E. 782). Damages are unliquidated where the petition alleges that a sum of money is due as the reasonable value of services. See, as to what constitutes unliquidated demands, *Redmond* v. *Atlanta & Birmingham Ry.,* 129 *Ga.* 133, 138 (58 S. E. 874); *Hargroves* v. *Cooke,* 15 *Ga.* 321, 332. The value alleged is the conclusion of the pleader as to the amount due, and that conclusion may be taken as true without evidence. However, a judgment in that amount is unauthorized because the conclusion alleged is no better evidence of the correctness of the amount than would be the opinion of witnesses. Where witnesses give their opinion as to value, the fact-finding tribunal is not bound to accept the amount exactly as testified to, even where there is no conflict. *Nottingham* v. *West,* 69 *Ga. App.* 876 (1) (27 S. E. 2d 44).

The judgment of the trial court refusing to allow the defendant to open the default and file defensive pleadings, and in striking her ancillary petition seeking this relief is without error; but the trial court erred in entering a judgment for the amount claimed as the reasonable value of the services rendered without hearing evidence as to the value of these services.

*Judgment affirmed in part and reversed in part. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MARCH 1, 1955.

*R. E. Kirby, R. Wilson Smith, Jr., Robert J. Reed,* for plaintiff in error.

*Brannon & Brannon,* contra.