37702.   OWEN *v.* PIEL PAINT COMPANY, INC.

DECIDED SEPTEMBER 9, 1959.

*Crespi & Milam,* for plaintiff in error.

*James A. Glenn, Jr., Leon S. Epstein,* contra.

QUILLIAN, Judge. 1. While the petition avers that it is brought to set aside the judgment, so that defensive pleadings might be filed, it set forth no "providential cause preventing the filing of a plea or for excusable neglect" or facts showing a proper case had been alleged for opening the default and setting aside the judgment as provided by Code (Ann.) § 110-404.

2. The evidence was in sharp conflict as to whether the plaintiff's counsel assured the movant that the suit on account would not be brought to trial. It follows that the issue was one of fact for the determination by the judge to whom it was submitted. This court has no authority to set aside a verdict or judgment where there is some evidence to support it.

3. There is no merit in the movant's contention that the judgment should be set aside because no bill of particulars was attached to the petition, upon which the judgment was rendered. The failure to attach a bill of particulars to a suit on an ac-

count is amendable defect cured by verdict, or where the case is in default, by judgment. *Holmes* v. *Reville,* 27 *Ga. App.* 552 (109 S. E. 417); *Hill* v. *Harris,* 11 *Ga. App.* 358 (75 S. E. 518).

4. The movant, plaintiff in error here, complains that the judgment was not personally signed by the trial judge, and that his signature was not affixed to the same in accord with the rules of the Civil Court of Fulton County. This contention is not presented in the motion to set the judgment aside, nor was it substantiated by evidence. While the evidence disclosed that the judgment was signed by a stamp upon which was the facsimile of the trial judge's signature, there was no proof that the judge did not stamp his name on the judgment or direct that it be done by some other person in his immediate presence. Hence, the point fails for a lack of pleading to present it and evidence to sustain it. It might be observed that the presumption in favor of the validity of judgments is applicable. Code § 38-114.

5. Where in a suit on open account the items are mere charges and subject to future adjustment, the amount sued for is unliquidated. *Wallis* v. *McMurray,* 91 *Ga. App.* 549 (86 S. E. 2d 529); *Nisbet* v. *Lawson,* 1 *Ga.* 275, 287; *Anderson* v. *State,* 2 *Ga.* 370 (4); *Roberts* v. *Prior,* 20 *Ga.* 561. Hence a default judgment can not be entered for the amounts sued for without proof of the account being adduced, but in cases like the instant case, where the suit is for a stated balance, no evidence is required to obtain a default judgment. *Davies* v. *Turner,* 61 *Ga. App.* 531, 536 (6 S. E. 2d 356); *Grogan* v. *Herrington,* 79 *Ga. App.* 505, 507 (54 S. E. 2d 284); *Norman & Harrell* v. *Great Western Tailoring Co.,* 121 *Ga.* 813 (49 S. E. 782); *Peeples* v. *Sethness Co.,* 119 *Ga.* 777 (47 S. E. 170). The rule in *Davies* v. *Turner* (supra, p. 536) is applicable: "However, in a suit on account for the balance due, when there has been no plea or other defense filed by the defendant, and no appearance by him, and the case has been marked in default under our statutes, the defendant will be taken to have admitted each and every allegation of the plaintiff's petition, including the allegation as to the balance due, and the plaintiff may take a judgment without the introduction of any proof."

*Judgment affirmed.* *Felton, C. J., and Nichols, J., concur.*