### 42663.   BOWEN et al. v. McCLELLAND.

HALL, Judge. The defendants in an action on account for legal services appeal from a judgment for the plaintiff.

1. The appellants enumerate as error the order of the trial court overruling their motion for a jury trial which was filed over ten months subsequent to the filing of the suit in the Civil Court of Fulton County. Ga. L. 1935, pp. 500, 503, relating to the Civil Court of Fulton County, provides: ". . . upon the filing of any civil action in said court, the plaintiff, or his attorney of record, may file with the original action a written demand for a trial by jury in said court, and in the absence of such demand, said plaintiff shall be held to have waived a trial by jury. The defendant in such action may file a written demand for a trial by jury on or before the day upon which he is required to appear in court in response to said proceeding and upon such defendant's failure thereupon to demand a trial by jury, he will be held to have waived the same; . . ." Appellants rely on an amendment to the above Act found in Ga. L. 1950, pp. 2742, 2744. However, the provisions in this amendment cited by the appellants relate to suits where the amount involved is "less than three hundred dollars principal, exclusive of interest, costs and attorneys' fees. . ." This suit was in excess of three hundred dollars principal; and the appellants, having failed to file a demand before appearance day, waived their right to a jury trial.

2. The trial court did not err in overruling the defendants' oral motion to dismiss in the nature of a general demurrer, made when the case was called to trial, to strike the petition as amended. The petition alleged that the defendants were indebted to the plaintiff in the sum of $4,350 together with interest in a stated amount up to the date of filing of this petition, on open account "for professional services rendered for and on behalf of said defendants and at their instance and request." To recover for services as an attorney "all that is necessary is, that the [pleading] should contain sufficient to put the client on notice and to bar a future demand of the attorney for the same service." *Walker v. Floyd,* 30 Ga. 237, 240. "A failure to attach a bill of particulars, where required, does not authorize a dismissal on the ground that the petition did not, without such a bill of particulars, set forth a good cause of action. The defect is amendable,

must be taken advantage of by special demurrer, and is cured by the verdict." *Hill v. Harris,* 11 Ga. App. 358 (75 SE 518); *Holmes v. Reville,* 27 Ga. App. 552 (109 SE2d 417); *Owen v. Piel Paint Co.,* 100 Ga. App. 101, 103 (110 SE2d 437).

3. In support of the enumeration of error that the amount of the judgment is not authorized by the evidence, the defendants contend that the highest amount that could be found as the value of the services for which the action was brought is $4,000, because the plaintiff presented as his own witness one of the attorneys for the defendants, who testified that he told the plaintiff that $4,000 was a reasonable fee, and the plaintiff did not impeach or contradict this witness' testimony. The plaintiff himself testified that the value of the services was at least $5,000 and defendants' counsel cross examined him extensively on this point. The testimony as to the value of services and the plaintiff's other evidence are adequate to support the judgment and we do not find valid grounds for reversal.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED MARCH 6, 1967—DECIDED APRIL 7, 1967—
REHEARING DENIED APRIL 21, 1967—

*Andrew A. Smith, Randall Evans, Jr.,* for appellant.
*Matthews & McClelland, J. Ralph McClelland, Jr.,* for appelee.