## 60070. BROWN v. INTERFAITH CHRISTIAN CHURCH, INC.

BIRDSONG, Judge.

Default judgment. The Interfaith Christian Church, Inc. contracted with Arnold Brown as broker to procure computer and data processing equipment for use in nutritional analysis and other processing systems. As a result of the contract, Brown obtained and had installed computer equipment valued in excess of $100,000. The contract called for Interfaith to pay Brown $2,000 down plus 12% of the purchase price (less the $2,000) as commission for Brown's services. Brown made demand by letter for the commission due him amounting to $10,854.52. Interfaith declined or failed to pay the commission due and Brown filed a complaint against Interfaith in DeKalb State Court. The complaint identified the contract and made demand for the $10,854.52 due as commission. Interfaith did not file an answer to the complaint. After a requisite time, Brown requested the DeKalb State Court to issue a default judgment against Interfaith in the amount of $10,854.52, which it did. Interfaith then petitioned the judgment court to set aside the default judgment on the ground that the judgment was fatally infected by inadequate service upon Interfaith. The judgment court held a hearing and denied the motion to set aside the default. Interfaith appealed to this court but failed once again in its obligations by neglecting to file an enumeration of error or supporting brief. Following order by this court directing the filing of the enumeration of error and brief, Interfaith still did not comply with the direction and the appeal was dismissed. Brown then sought to execute a fi. fa. against certain property owned by Interfaith in Fannin County. Interfaith transferred the property to directors of the corporation. Thereafter, Brown sought to execute the fi. fa. against the directors as well. Interfaith then brought an equitable petition before the Superior Court of Fulton County seeking to enjoin Brown from executing the fi. fa. pending a determination by the court in Fulton County whether the default judgment rendered by DeKalb State Court was ex contractu in nature which required the establishment of un-liquidated damages before a jury, the failure of which would render the default judgment void. The Superior Court of Fulton County granted the injunction and after a hearing, declared the default judgment of the State Court of DeKalb County void. Brown brings this appeal enumerating as error the denial of his motion to dismiss and that the order of this court dismissing Interfaith's appeal renders Interfaith's attack upon the default judgment res judicata. *Held:*

All issues raised or which could have been raised by Interfaith in its appeal to this court have now become res judicata. This includes

lack of service and the question of proving unliquidated damages before a jury. *Willis v. Century Finance Co.,* 149 Ga. App. 859 (256 SE2d 152).

Nor are we concerned that Interfaith was denied a jury hearing on the question of unliquidated damages. The original complaint by Brown against Interfaith alleged a debt owing based upon a contract for services rendered. That complaint included as an exhibit the contract upon which the services were based and a statement of an amount certain that was due and owing. By its default, Interfaith admitted the contractual obligation and that it owed Brown the sum alleged. This rendered the damages liquidated and as a fact admitted was not a matter of necessary proof to court or jury. *Owen v. Piel Paint Co.,* 100 Ga. App. 101, 104 (5) (110 SE2d 437); *Davies v. Turner,* 61 Ga. App. 531, 536 (6 SE2d 356).

Lastly, we are not persuaded that Interfaith legitimately can overcome its failure to fulfil its obligation to defend an action against itself by seeking to overturn, through an equitable avenue, the default judgment obtained against it because of its failure to defend itself. Equity is not designed to aid one by intervening to set aside a judgment of a court of competent jurisdiction obtained by the default of the moving party and which might have been avoided except for the failure of the party (Interfaith) to answer the original complaint or to pursue its appeal in this court. *Adams v. Adams,* 234 Ga. 139, 141 (214 SE2d 561); *Henley v. Henley,* 217 Ga. 612 (124 SE2d 86). We find merit in the enumerations of Brown and reverse the trial court's conclusion that the default judgment was not valid and its denial of Brown's motion to dismiss based on res judicata.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

ARGUED JUNE 4, 1980 — DECIDED SEPTEMBER 16, 1980 — REHEARING DENIED OCTOBER 2, 1980 —

*William H. Norton, Dock H. Davis,* for appellant.
*Ray C. Norvell,* for appellee.