# FERNANDEZ-MASCARO v. ALLSTATE INSURANCE COMPANY/c

## Case No. 82-364 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

June 22, 1983

### APPEARANCES OF COUNSEL

**Charles V. Peppler** for appellant.

**Jack Whitelock, Jr.,** for appellee.

**Before HENDERSON, NEWMAN AND SHAPIRO, JJ.**

### OPINION OF THE COURT

PER CURIAM.

We are asked to review an Order of the trial court which Order granted Appellee's Motion to vacate a Final Judgment entered on September 16, 1982, awarding the sum of $1,675.49 to Appellant.

Appellant, Fernandez-Mascaro, was insured by Appellee Allstate. Appellant's insured vehicle was involved in an accident which resulted in damage to the vehicle for which a claim for coverage was made to Appellee. For whatever reason, Appellee refused to honor the claim. Appellant then instituted suit in the County Court to recover the sum

of $1,634.99, the amount Appellant paid to repair his damaged vehicle less the $50.00 deductible for which the policy provided, plus costs and attorney's fees. Proper service was effectuated upon the State Insurance Commissioner.

Appellee chose not to respond to the Complaint and on September 9, 1982, default was entered upon motion for same. A Motion for Final Judgment was filed by Appellant together with Affidavits with no notice given to Appellee. Final Judgment was entered against Appellee in the sum of $1,675.49, which represented the amount sought in the Complaint plus costs of $40.50.

Appellee belatedly decided to appear. Its first Motion to vacate the "Default Final Judgment" was denied on October 18, 1982. A second motion to vacate was granted insofar as damages was concerned, but the trial court declined to vacate the default.

We are asked to review the order setting aside the award of damages and nothing else.

The dispositive issue of this appeal presented and argued to this Court was whether the sum sought and awarded was liquidated or unliquidated. If liquidated, no notice of the request for final judgment would have been required after entry of default. If liquidated, notice was necessary.

In *Bird v. International Graphics, Inc.,* 374 So.2d 52 (Fla. 3rd DCA 1979), the Court held there was no need to notify the debtor in an action on an open account after entry of default since the amount sought was considered a liquidated sum. Allstate asserts that Appellant's claim was unliquidated since the damages were not fixed by the parties' contract. With this contention, we do not agree.

Proof of damages was supplied by Affidavit and attachment of a paid bill reflecting the work done by Bud's Paint and Body Shop. No Florida case directly on this point has been presented to the Court. In *Brown v. Interfaith Christian Church, Inc.,* 155 Ga.App.928, 274 S.E.2d 18 (Ga.App.1980), our sister state addressed this issue. Therein the Complaint identified the contract and demanded $10,854.52 as a commission. No answer was filed and a default and final judgment were entered for the amount sought. Interfaith sought to set aside the judgment maintaining that the sum requested was unliquidated and that a trial on this question was in order. The Appellate Court disagreed, stating: "That complaint included as an exhibit the contract upon which the services were based and a statement of *an amount certain* that was due and owing. By its default, Interfaith admitted the

62

contractual obligation and that it owed Brown the sum alleged. This included the damages *liquidated* and as a fact admitted was not a matter of necessary proof to court to jury". (Emphasis supplied).

We concur with the Court's conclusion and believe that appellate Courts in this state would adopt this principle. Where a contract exists as it does in the case sub judice, and where the amount sought under the contract is definite and certain, the sum should be considered liquidated. Accordingly, no notice is required after default is entered. Rule 1.080(a), Fla.R.Civ.P. It follows that the order appealed must be reversed and the judgment in favor of Appellant in the sum of $1,675.49 reinstated.

It is so ordered.