Eason *et al. vs.* Saulsbury, Respess & Company.

SPENCER E. EASON *et al.*, plaintiffs in error, *vs.* SAULSBURY, RESPESS & COMPANY, defendants in error.

1. When a factor holds two claims on his debtor, and has received cotton consigned to him on account of said claims, which he sold for an amount sufficient to discharge what is legally due on both, and no application of the money has been made to either of the claims, the jury may, on the trial of a suit on one of the debts, where payment is pleaded, apply enough of the amount so received by the creditor to discharge the debt on which the suit is founded.

2. The debtor may prove what is legally due and collectible on both debts on account of usury, in order to show that the creditor has received a sufficient amount to discharge both.

3. If it appear in evidence that separate actions are pending on both claims, and an issue be made by plea and proof as to the amount due on the debt involved in the case on trial, the jury should, even if the verdict be for the defendant, state the amount they find due on the debt, so that on the trial of the other the record may show how much of what was received by the creditor has been applied to its payment.

Appropriation of payments. Usury. Verdict. Before Judge KIDDOO. Schley Superior Court. April Term, 1873.

Saulsbury, Respess & Company brought complaint against Spencer E. Eason, as drawer, and E. D. Eason and J. S. Eason, as indorsers, on a draft, embracing within it a crop lien, dated March 31st, 1871, payable seven months after date, for $233 60, besides counsel fees, and addressed to plaintiffs. The defendants pleaded the general issue, usury and payment. The evidence presented the following case :

The instrument sued on was given for $200 00, borrowed by the drawer from the plaintiffs; the legal interest for the time the said sum was loaned would have been $8 12, making the whole amount $208 12; the $25 00 in excess of that sum is usury. The drawer had shipped to the plaintiffs ten bales of cotton which they had sold for him, retaining the proceeds. He produced a statement from the plaintiffs showing that eight bales brought $589 00 net, and the other two bales $170 90 net. On the 23d of February, 1871, he borrowed from the plaintiffs $500 00 on a similar instrument, payable eight months after date. The draft covering this last advance

was made for the sum of $675 00. He had not appropriated the money realized from the sale of said cotton to the payment of any particular debt, nor had he received any notice of any appropriation by the plaintiffs. Suit had been commenced on the draft for $675 00, to which the pleas of the general issue, usury and payment had also been filed. The counsel fees were shown to be worth ten per cent.

The jury found for the plaintiffs $132 00 principal, $13 20 interest, as counsel fees and costs of suit. The defendants moved for a new trial upon the following grounds:

1st. Because the court erred in charging the jury as follows: " A defendant may also set off to a debt, usury that he has paid on another contract between the same parties, but before he can do this he must plead it as an off-set, that he has paid it, the amount of usury, etc., and must prove that he has actually paid it on that other contract. He would not be entitled to reduce the contract sued on by showing that he had agreed to pay usury on another which is not paid, but would have to plead it to that other when sued."

2d. Because the court erred in charging as follows: " If neither debtor nor creditor has applied the payment in this case, if any, you can do so to whichever seems to you most reasonable and just, under the instructions the court has given you."

3d. Because the jury found contrary to the charge of the court in this, that the court charged the jury that "if you apply the payment yourselves it would be well to say so in your verdict," which instructions the jury failed to follow, as will be seen by reference to the verdict.

The motion was overruled, and defendants excepted.

C. F. Crisp, for plaintiffs in error.

No appearance for defendant.

Trippe, Judge.

1. The facts of this case are about these: Plaintiff in error sent to defendants in error enough cotton, which they sold,

Eason *et al. vs.* Saulsbury, Respess & Company.

and for an amount sufficient to pay the principal and legal interest on both the debts he owed them. We say nothing as to the counsel fees which were agreed to be paid in the contracts. If these were due and collectible, there would be a small deficit. The money in the creditors' hands had not been appropriated to either debt, and suits had been brought on both. The defense was usury and payment. On the trial of the suit for one of the debts, it was competent for the jury to apply enough of the amount so received by the creditors to its payment.

2. And if there be enough in the hands of the creditors to discharge what is legally due and collectible on both debts, the defendant may show that fact, and if it so appear, he is entitled to a verdict. There can be no difficulty in this. If the creditors have the money sufficient to pay both debts, have not appropriated it to the payment of either, the law, through the court and jury, will so appropriate it that the legal rights of both parties will be protected. Had the money been applied to the payment of one of the debts, say the larger, and that left but a small amount for the one on trial, the question might have been different as to how the pleas should have been framed as to the usury that had been paid, and the charge of the court would have been more appropriate. But both debts were sued on, no credit was on either; the plaintiffs were, so far as it appeared, claiming all, and the defendant set up that he had put cotton in their hands for which they received money enough to pay what was legally due on both; that no application of the money had been made, and as the whole question was before the court, he asked what he had a right to ask, that it should be ascertained what he did owe, and that the application of the money be made accordingly. The law will do this "in such manner as is reasonable and equitable:" Code, section 2869.

3. Under this state of facts, where there are two separate suits pending, the verdict should show how the money is appropriated by the jury on the trial of one, so that it would be a guide in determining how much remained to be applied to

the other. If the jury find there is usury in the case tried, they should state how much they do find to be due on that debt, and how much of the fund in the hands of the creditors is applied to its payment. This could be done, and it might be necessary that it be done, although there be a verdict for the defendant. Sections 3559, 3560, 3562, of the Code, make provisions for just such verdicts. As the charge of the court was in conflict with what we think is the proper rule that should have been given to the jury, and as they evidently were controlled by it, the defendant below is entitled to a new trial.

Judgment reversed.