## HATCHER & BALDWIN *vs.* COMER & COMPANY

[Jackson, Chief Justice, did not preside, on account of providential cause.]

1. In the absence of special instructions, a factor may exercise his discretion according to the general usages of the trade, but the primary obligation of an agent or factor, whose authority is limited by instructions, is to adhere faithfully to those instructions, and if he unnecessarily exceeds his commission or risks his principal's effects without authority, he renders himself responsible for the consequences of his act, and if loss ensues, it furnishes no defence to him that he intended to benefit his principal.

(*a.*) If a firm indebted to factors shipped to them cotton, with instructions to sell the same and apply the proceeds to the debt, and the factors failed to do so, and their debtors were thereby injured, the latter could recoup the amount of such damage against a suit on the debt.

(*b.*) If there is any special custom prevailing in the city of Savannah at variance with this general law of the state, it must yield to the law.

2. If the debtors shipped to their creditors, as factors, cotton, with directions to sell it and pay a note held by them, and if the factors did sell the cotton and it brought enough to pay off the note, this was an extinguishment of the debt, and the creditors could not thereafter recover upon it

October 2, 1884.

Factors. Principal and Agent. Damages. Recoupment. Customs. Debtor and Creditor. Before Judge FORT. Macon Superior Court. November Term, 1883.

To the report contained in the decision it is only necessary to add the following: Plaintiffs sued defendants on a note and open account. Defendants introduced evidence to show that they obtained a loan from plaintiffs and shipped them two lots of cotton; the first lot they instructed plaintiffs to sample and put on the market, and pay the note with the proceeds; they wrote plaintiffs to hold the second lot for instructions; both of these instructions were violated; the cotton was sold when the price had depreciated, and the proceeds were credited on the account. Defendants claimed that the note was paid, and also claimed

a recoupment for the difference between what the cotton brought and what it would have brought if the instructions had been followed.

Plaintiffs asserted that they had sold the first lot of cotton as soon as they could, and credited the proceeds on the account. They admitted that they sold the second lot contrary to instructions, but insisted that, having advanced money on the cotton, they had a right to sell, such being the custom in Savannah, where they lived. They also showed promises to pay made by defendants.

The jury found for the plaintiffs. Defendants moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court admitted evidence to the effect that "it is the general custom of factors and commission merchants in the city of Savannah to demand the shipment of one bale of cotton for every ten dóllars advanced to their customers, and the factor and commission merchant is allowed to control the selling of the cotton."

(3.) Because the court refused to charge as follows: "If the jury should believe from the evidence that Hatcher &: Baldwin, contemporaneously with the consignment advances on forty bales of cotton, shipped by them to Comer & Company, gave instructions, by letter to said Comer & Company, not to sell said forty bales, but hold the same for further instructions, which Comer & Company did not say they would obey, but were silent; in such a case, the consignment is presumed to be received subject to said. order to hold for further instructions; and Comer & Company were not at liberty to sell the cotton to reimburse their advances until they were instructed by Hatcher & Baldwin to sell, or unless Hatcher & Baldwin, after due notice and request, refuse to provide other means to secure Comer & Company."

(4.) Because the court refused to charge as follows: "If the jury should believe from the evidence that Hatcher

& Baldwin consigned to Comer & Company, with instructions to hold for further instructions the forty bales of cotton consigned, Comer & Company were not at liberty to sell said forty bales of cotton contrary to the orders of Hatcher & Baldwin, the consignors, although Comer & Company had made advances or incurred liabilities thereon, if Hatcher & Baldwin stood ready and offered to reimburse and discharge such advances and liabilities; and it was the duty of Comer & Company to have given notice to Hatcher & Baldwin that the cotton would be sold unless they were reimbursed."

(5.) Because the court refused to charge as follows: "If the jury should believe from the evidence that Hatcher & Baldwin, on the 17th of October, 1878, wrote a letter to Comer & Company, saying that they would ship forty-five bales of cotton, " out of proceeds of which you may pay our note," the same being the one sued on, and after that date, on the 26th of October thereafter, Hatcher & Baldwin did ship forty-five bales of cotton, and instructed Comer & Company to place same on the market and notify them of the sale; and if it further appears, from the accounts of Hatcher & Baldwin on the books of Comer & Company, that the note was charged in said account, and the proceeds of said cotton were credited on said book account, then that amounted in law to an appropriation of said proceeds to the payment of said note, and if the proceeds of the forty-five bales of cotton were enough to pay the note, then said note would be paid."

The motion was overruled, and defendants excepted.

S. B. HATCHER; E. G. SIMMONS; W. A. LITTLE, for plaintiffs in error.

DENMARK & ADAMS; J. M. DUPREE; W. H. FISH: W. LE'S. GIGNILLIAT, for defendants.

BLANDFORD, Justice.

Comer & Company brought their action against Hatcher

& Baldwin upon a promissory note for $1,038.90, dated May 30, 1878, and due October the 15th thereafter; also upon an account for $70.83. The defendants pleaded payment of the note and recoupment as to the whole.

Upon the trial of the case, defendants introduced a letter in evidence from themselves to the plaintiffs, dated 17th October, 1878, in which they stated that they had shipped to plaintiffs forty-five bales of cotton, and instructed plaintiffs to sample and put the cotton on the market, and with the proceeds to pay their note. They also showed from plaintiffs' books that the cotton was sold and realized some thirteen hundred dollars, which was placed as a credit on the account of defendants, which account consisted of several items besides the note sued on. Defendants introduced evidence to show that if the cotton had been sold according to instructions contained in their letter, it would have realized eighteen hundred dollars, more than sufficient to have paid their note and the account.

Plaintiffs in error insist here that, under these facts, the note is paid off, and the damage which they sustained by reason of the failure of the defendants in error to obey their instructions was more than sufficient to extinguish the account, and that this should be allowed them by way of recoupment.

The defendants in error contend that, by the custom of merchants which obtains in Savannah, as they had advanced plaintiffs in error on the cotton, they were not bound to obey the instructions of the plaintiffs in error, but might hold this cotton and sell in their discretion.

"Peculiar confidence being reposed in a factor, he may, in the absence of instructions, exercise his discretion, according to the general usages of the trade." Code, §2111. "The primary obligation of an agent or factor, whose authority is limited by instructions, is to adhere faithfully to those instructions, for if he unnecessarily exceed his commission, or risk his principal's effects without authority, he renders himself responsible for the consequences of his

act; and if loss ensue, it furnishes no defence to him that he intended to benefit his principal." 12 *Ga.*, 205. We take it that these principles thus enunciated are the law of this state, and whatever particular customs there may be prevailing in the city of Savannah, they must give way to the law. If the instructions were given by plaintiffs in error to the defendants, as insisted on by them, and in this the record sufficiently sustains them, then the court below should have instructed the jury as they prayed, so as to give them the benefit of the law thus laid down, and it was error to have refused the request on this point.

Whatever damage the plaintiffs in error may have sustained by the failure of the defendants in error to sell the cotton as instructed, they had the right to recoup against the claim of defendants in error; and the court erred in refusing the request of plaintiffs in error on this point.

If it be true, as contended for by the plaintiffs in error, that they shipped to defendants in error forty-five bales of cotton, with directions to sell the cotton and pay the note sued on, and if defendants in error did sell the cotton, and it brought enough money to pay off the note, then this was an extinguishment of this debt, and the defendants in error could not recover upon it. The court should have so instructed the jury, and it was error to have refused the instruction. Code, §2869. *Pritchard vs. Comer*, 71 *Ga.*, 18; 51 *Ga.*, 507; 57 *Id.*, 450; 34 *Id.*, 558; 27 *Id.*, 47; 30 *Id.*, 857; 45 *Id.*, 565.

The principles here announced will, we think, be sufficient to control this case upon another trial.

Judgment reversed.