## McCLELLAN *v.* PEARSON *et al.*

The relator's conviction of misconduct in office by illegal appropriation of public funds, and his removal from office as clerk of the superior court, were equivalent to an adjudication that he was ineligible to hold that office for the remainder of the term for which he was elected.

No. 5533. JANUARY 12, 1927.

Application for quo warranto. Before Judge Reed. Bacon superior court. June 25, 1926.

*L. D. Luke, I. J. Bussell,* and *Wilson, Bennett & Pedrick,* for plaintiff.

*Dickerson & Kelley* and *H. L. Causey,* for defendants.

GILBERT, J. McClellan was elected clerk of the superior court of Bacon County in 1924, for a term of four years. He qualified and entered upon the discharge of the duties of the office. A proceeding was brought in the superior court to remove him from office for misbehavior and misconduct, to wit, that he had illegally obtained and converted to his own use public funds. The trial resulted in a verdict and judgment removing him from office. Pearson was appointed to fill the office until a successor could be elected. An election was held, and McClellan received a plurality of the votes cast. The result of the election was certified to the Governor, who refused to commission McClellan on objections being urged by citizens and taxpayers of the county, on the ground that McClellan was ineligible to hold the remainder of the term of office from which he had been removed, and on the further ground that he had been guilty of corruption in office. Thereupon Mc-Clellan tendered a bond signed by individuals, but on which no surety company was a party. The ordinary refused to approve

Officers, 29 Cyc. p. 1385, n. 8; p. 1408, n. 13.

the bond, on the ground that no surety company had signed the same, and on the further ground that McClellan was ineligible to hold the office for the remainder of the term, and that the bond did not comply with the law. After more than three months from the date of the special election, the ordinary called another election for the purpose of electing a clerk of the superior court. McClellan brought a proceeding in the nature of quo warranto against Pearson, acting clerk, inquiring by what right he held the office, to oust him and to obtain an order of the court placing relator in possession of the office; and also praying that said ordinary be enjoined from proceeding with the call for said second special election. The respondents demurred to the quo warranto petition, generally and specially. The court sustained the general demurrer and dismissed the proceeding. To this judgment the relator excepted.

The court did not err in sustaining the general demurrer. The conviction of the relator for misbehavior and misconduct in office in the illegal appropriation of public funds, and his removal from office, are equivalent to an adjudication that he is ineligible to hold said office for and during the remainder of the term for which he was elected. Civil Code (1910), § 258 (8); State v. Rose, 74 Kan. 262 (86 Pac. 296, 6 L. R. A. (N. S.) 843). Compare State ex rel. Childs v. Dart, 57 Minn. 261 (59 N. W. 190); State ex rel. Thompson v. Crump, 134 Tenn. 121 (183 S. W. 505, L. R. A. 1916D, 951); In re Advisory Opinion to the Governor, 31 Fla. 1 (12 So. 114, 18 L. R. A. 594).

*Judgment affirmed. All the Justices concur.*