BEAZLEY *et al. v.* LUNCEFORD.

No. 10047. MARCH 14, 1934.

*J. A. Mitchell* and *W. A. Slaton,* for plaintiffs.
*J. A. Beazley,* for defendant.

ATKINSON, J. A. H. Beazley and others brought application for quo warranto against Alvin M. Lunceford, holding the office of mayor of the City of Crawfordville, to which he was elected on October 11, 1933. The petition alleged that at the time of the election the defendant was liable for poll-taxes due to the State of Georgia, and he had not paid his taxes due the State, the County of Taliaferro, and City of Crawfordville for the year 1932, including his poll-tax for 1932, and therefore he was not qualified to vote, and was not eligible to the office of mayor of Crawfordville, and could not legally hold it, that Beazley was duly elected mayor of Crawfordville at an election held in October, 1932, was qualified to hold the office at the time of his election, was inducted into and assumed the office, and acted as mayor during the term of his office; and the defendant not being qualified to hold said office at the time of his election, Beazley under the terms of the charter of Crawfordville continues to hold over as the legal holder of said office, and is entitled to continue in the same. The judge to whom was presented the application to file an information in the nature of a quo warranto refused it, "because the petition . . attached to said application shows as a matter of law that the defendant . . is not ineligible for the office, . . the charter of said city not requiring the payment of taxes as a condition precedent to eligibility for said office." The petitioners excepted.

It is declared in the Civil Code, § 258, par. 7, that "No person shall be eligible to hold any county office in any county of this State, unless he shall have been bona fide a citizen of the county in which he shall be elected or appointed at least two years prior to his election or appointment, and is a qualified voter entitled to vote." In *Avery* v. *Bower,* 170 *Ga.* 202, it was said: "Eligibility to hold office is the general rule. Ineligibility is the exception. The right to hold office is a political privilege." *Overton* v. *Gandy,* 170 *Ga.* 562, 567 (153 S. E. 520). The paragraph of the Code just quoted refers expressly to "county office." It does not purport to refer to office in a municipality such as a city or town. *Long* v. *Rose,* 132 *Ga.* 288 (64 S. E. 84) ; *Overton* v. *Gandy,* supra. There is no other general law making eligibility to hold municipal office dependent on qualification to vote. Restrictions of that character may be provided in the charter of a municipality, but unless so provided they do not exist in the absence of general law on the subject. This does not conflict with *Wray* v. *Harrison,* 116 *Ga.* 93 (42 S. E. 351).

In *State ex rel. Hardwick* v. *Swearingen,* 12 *Ga.* 23 (1), it was held: "The person having the highest number of legal votes is entitled to hold the office of clerk and treasurer of a municipal corporation, whether a resident within the city at the time of his election and qualification or not, provided the charter contains no limitation or restriction to the contrary." It was said in the opinion: "By the charter . . no such restriction as that which is contended for is imposed on the voters of this young and rapidly growing town, in their selection of a suitable person to fill the offices of clerk and treasurer. They are at liberty to select from Macon, Columbus, or any other part of the State, the person in their judgment best qualified to discharge these functions. . . · These municipal corporations are the germs and miniature models of free government; and their internal police and administration should not be interfered with for slight causes; not unless some great right has been withheld, or wrong perpetrated." In State ex rel. atty.-gen. *v.* George, 23 Fla. 585 (3 So. 81), it was said: "It is held to be the law that 'municipal officers may·be elected from non-residents of the corporation, where there is no statute or constitution prohibiting it.' See note 3, § 195 Dill. Mun. Corp. (3d ed.) 222; *State* v. *Swearingen,* 12 *Ga.* 23.; State *v.* Blanchard, 6 La. Ann. 515; Com. *v.* Jones, 12 Pa. St. 365." In State ex rel. Goodgame *v.* Matthews,

153 Ala. 646 (45 So. 307), it was held: "Where under a town charter the only qualification requisite to hold the mayoralty is bona fide citizenship in the town for two years next preceding election, that one is not a qualified elector does not disqualify him for the office. . . The legislature may prescribe, as the sole qualification to become mayor of a town, bona fide citizenship in the town for two years next preceding election." In 43 C. J. 624, § 1019, it is said: "Under some statutory provisions, a requisite eligibility to municipal office is that one seeking such office must be an elector." The question was adverted to, but not decided, in *McWilliams* v. *Jacobs,* 128 *Ga.* 375 (3) (57 S. E. 509).

In section 2 of the charter of Crawfordville (Ga. L. 1894, p. 147) it is declared: "That no person shall be eligible as mayor or councilman of said town unless he is twenty-one years of age at the time of his election or appointment, and unless he shall have resided within the corporate limits of said town for the space of twelve months immediately preceding his election or appointment; and that the term of office of said mayor and each of said councilmen shall be for one year from the time of his election and until his successor is elected and qualified." Under this law the fact that a person has not paid his poll-tax and is not a qualified voter does not disqualify him to hold the office of mayor of the City of Crawfordville. The provisions of the Civil Code, § 6406, that "No person who is the holder of any public money, contrary to law, shall be eligible to any office in this State until the same is accounted for and paid into the treasury," does not affect the case. That law refers to public money which is held contrary to law (*State ex rel. Lennard* v. *Frazier,* 48 *Ga.* 137; *McClellan* v. *Pearson,* 163 *Ga.* 492, 136 S. E. 429), which is entirely different from mere failure of an individual to pay a poll tax imposed by the State. The judge did not err in refusing leave to file the petition for writ of quo warranto.       *Judgment affirmed. All the Justices concur.*