FOWLER *v.* THE STATE.

408

No. 12585.  JANUARY 10, 1939.

*E. O. Blalock, H. T. Watson, Herbert W. Wilson,* and *Harry M. Wilson,* for plaintiff in error.

*M. J. Yeomans, attorney-general, John S. Gibson, solicitor-general, E. J. Clower,* and *Ellis G. Arnall,* contra.

GRICE, Justice. This is a murder case. The error assigned is the refusal of a new trial. No novel questions of law are involved, and no new applications of old principles. The nature of the seven special grounds of the motion for new trial are sufficiently indicated in the rulings announced in the headnotes. As to the sufficiency of the evidence to support the verdict, the testimony showed that. a twelve-year old, motherless boy, on whose life his father carried insurance with double indemnity in case of accidental death, lived with his father who operated a tourist camp. The father was a widower. Working for him at the time were two women, with one of whom, the plaintiff in error, the father was accustomed to have illicit relations. From her own admissions, her character was not spotless. According to the testimony of the father, he and the two women conspired to kill the boy. The father swore that his two co-conspirators "drew matches" in order to determine who would do the actual killing; that it fell to the lot of plaintiff in

error to be the actual slayer, and that on a day named the little boy, home from school, and having finished his meal, was leaving the kitchen, preparatory to going with two schoolmates to pick blackberries, when the plaintiff in error "squatted down side the window as the child walked out," and then raised up and with a pistol shot the boy, inflicting a mortal wound. Pending the motion for new trial filed by plaintiff in error the father of the boy, who himself had already been convicted of the murder, made affidavit that the testimony given by him at the trial of the Fowler woman was false, and that in truth and fact the boy accidentally shot himself. There is no contention that the killing was in self-defense, nor is there any suggestion of a single mitigating circumstance. There was evidence that immediately after the shot the defendant ran to a neighbor's house and stated that the boy had shot himself. A deputy sheriff testified that soon after the tragedy he arrived on the scene and that plantiff in error told him that the boy had shot himself; and that when the shot was fired she was up in front at the ice-box. At the commitment trial she testified that the boy's father shot him. At one of the preliminary investigations she stated that she was at the ice-box up in front when she heard the shot. At another time she testified that she was in the kitchen when it happened. The negro cook testified to being in the kitchen when the shot was fired, when she (the witness) came around the table and went to the door and saw the boy's father right there "over the boy," and "just that second I seen Miss Verna Mae [plaintiff in error] run from the rest-room." In her statement to the jury the accused said that she saw the boy's father, Harvey Nelson, shoot him. There were other incriminating statements and circumstances to connect the accused with the murder. The evidence was sufficient to justify the jury in finding her guilty of murder.     *Judgment affirmed. All the Justices concur.*