CARGILE *v.* THE STATE. STEPHENS *v.* THE STATE.

No. 14150.   MAY 21, 1942.

22

*W. E. Armistead* and *Edwin S. Kemp,* for plaintiffs in error.
*Roy Leathers, solicitor-general,* contra.

DUCKWORTH, Justice. ■ A decision rendered by the Supreme Court and concurred in by a full bench of six Justices shall not be overruled or materially modified except with the concurrence of six Justices, and then only after parties to the case before the court have had opportunity to offer arguments in which that decision is expressly questioned and reviewed. Code, § 6-1611. There is no provision of law authorizing the Court of Appeals to request such review. Article 6, section 2, paragraph 9, of the constitution (Code, § 2-3009) declares that "the decisions of the Supreme Court shall bind the Court of Appeals as precedents." This constitutional provision is applicable in all cases, and the Court of Appeals has consistently so recognized it. *Ox Breeches Mfg. Co.* v. *Bird,* 1 *Ga. App.* 40 (57 S. E. 975) ; *Central of Georgia Railway Co.* v. *Augusta Brokerage Co.,* 2 *Ga. App.* 511 (3) (58 S. E. 904) ; *Walker* v. *Swift Fertilizer Works,* 3 *Ga. App.* 283 (59 S. E. 850) ; *Minor* v. *Atlanta,* 7 *Ga. App.* 817 (68 S. E. 314) ; *Moss* v. *Myers,* 12 *Ga. App.* 68 (76 S. E. 768) ; *Fountain* v. *Ragan-Malone Co.,*

14 *Ga. App.* 287 (80 S. E. 725); *Jones* v. *State,* 19 *Ga. App.* 67 (2.) (90 S. E. 981). If the Court of Appeals is authorized, under the constitutional authority to certify questions of law to the Supreme Court, to request this court to review and reaffirm or overrule one decision of the Supreme Court, it can by the same authority make such request with reference to each and every decision rendered by the Supreme Court. The constitution does not contemplate such procedure. Accordingly the request that the Supreme Court review its decision in *Smith* v. *Duggan,* supra, is declined.

■ The second question requires an interpretation of the term "malpractice in office" as used in the Code, § 89-9907. Since this statute makes that term a criminal offense punishable by the in﹣fliction of the penalties therein prescribed, it must be tested by the rule of strict construction applicable to criminal statutes. However, in applying this rule the plain meaning of language must not be disregarded, but will be given full effect. The word "malpractice" means evil, bad, or wrong practice. It has been more often used in statutes applicable to physicians and surgeons and other professional practitioners. In every such case it condemns practices of the professions which are improper, wrong, or evil. When applied as in the present statute to public officers and restricted to official acts by the words "in office," it retains its meaning of bad or evil, and this is applied to official acts instead of to the professional practices as when used in statutes relating to the professions. The State of Florida has a statute making malpractice in office, not otherwise expressly provided for, a criminal offense; and in the following cases officers charged with a violation of that statute were held guilty. In Jackson *v.* State, 71 Fla. 342 (71 So. 332), a county commissioner personally received money in a transaction where property was bought for the county; and this conduct was held to constitute malpractice in office, in violation of the statute. In Smith *v.* State, 71 Fla. 639 (71 So. 915), a justice of the peace was held to have violated the statute because he failed to pay over to the treasurer, within ten days after receipt thereof, all fines collected, as required by statute. In ex parte Amos, 93 Fla. 5 (112 So. 289), it was held that the offense of malpractice in office referred to in the statute consisted of acts or omissions of the same character of moral turpitude, or corrupt breach of official duties, as

charging excessive fees by a public official prohibited by a special penal statute. Violations of official duties are usually defined as "malfeasance in office." But the true meaning of "malfeasance" and "malpractice" is substantially the same. "Malfeasance" means evil acts or doings; "malpractice" means evil practices, acts or doings. In Commonwealth *v.* Wood, 116 Ky. 748 (76 S. W. 842), the court defined malfeasance in office to be "the wrongful or unjust doing of some official act which the doer has no right to perform, or which he has stipulated by contract not to do, [but] it is essential that an evil intent or motive must accompany the act, or that it must have been done with such gross negligence as to be equivalent to fraud." This definition of malfeasance in office may appropriately be given to the term "malpractice in office" as used in our Code section. It is apparent that the legislature intended by this enactment to require faithfulness to public trust upon the part of the officials therein named. To secure this conduct the officials not only are required to perform the acts required of them by law, but are equally forbidden to commit under the color of office acts not authorized by law.

But it is argued that the term "malpractice in office" is too comprehensive and general to satisfy the degree of definiteness required of a valid penal statute. This argument fails to take account of the fact that the officials named have duties defined by law. When such laws are considered in connection with this statute, it is thereby made sufficiently definite to satisfy the requirements for a valid criminal statute. A county commissioner seeking conscientiously to perform faithfully his duties as prescribed by law will experience no difficulty in determining when a contemplated official act conforms to or violates his official duties. It is observed that the people of Georgia have provided by the constitution (Code. §§ 2-1603, 2-1604, 2-1605, 2-1703), and by various statutes not necessary to cite here, for impeachment and removal from office of certain public officials for official misconduct. Impeachment alone does not authorize infliction of penalties of either fine or imprisonment. No public officer has a right to challenge the sovereign power of the people to provide by appropriate law for his removal from office upon any grounds they may choose. But by the mere act of assuming public office the officer surrenders no part of his right as an individual to be protected against the infliction of a

penalty of either fine or imprisonment unless he has been convicted under a valid statute defining the offense with sufficient definiteness. There need be no apprehension that one of the officers named in this statute might be convicted thereunder because of a mere mistake or honest misunderstanding of his duties. There are of force in this State other general statutes applicable to all criminal indictments, designed for the purpose of insuring that only those criminally guilty will be convicted. Code, §§ 26-201, 26-404. The former section defines a crime as a violation of a public law in the commission of which "there shall be a union or joint operation of act and intention, or criminal negligence." Under that section, notwithstanding the fact that the criminal act has been committed, if the intention or criminal negligence is lacking there is no crime. The latter section declares that "a person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears there was *no evil design, or intention, or culpable neglect.*" (Italics ours.) It is thus provided by law that any of the officials named in the present statute may not be found guilty of malpractice in office, committed by misfortune or accident, where it satisfactorily appears that there was no evil design or intention or culpable neglect. What greater degree of protection could any one justly ask? If the act constituting malpractice in office was committed with an evil design or intention or culpable neglect, justice would demand that the officer be convicted and the penalties therein provided be inflicted upon him. But the officers named in this section are afforded by the provisions of the Code, § 89-9908, which is a part of the same legislative act, further protection and privileges not extended to any other person charged with crime in this State. It is there provided that the indictment must specifically set forth the merits of the complaint, and that a copy of such indictment must be furnished to the accused before it is returned by the grand jury. It is also provided that the accused must be permitted to appear in person and present his witnesses before the grand jury before his indictment. He is thus afforded every opportunity that he could reasonably desire for presenting his defense and avoiding an unjustified indictment.

One other attack has been made upon this Code section. It is not therein provided that the penalties prescribed shall be inflicted

upon those found guilty after trial of a violation thereof, but it is declared that any of the officers there named who "shall be charged with malpractice in office [etc.] . . shall be punished as for a misdemeanor and shall be removed from office." It is argued that the provisions of this section would authorize the infliction of the penalties therein provided when the officer has merely been charged, but not convicted of the offense. It would have been better if the law had used the words "convicted of" instead of "charged with," but the language employed does not invalidate the law. This law must be construed in connection with another section of the Code (§ 27-2509), which declares that "the punishments prescribed by this Code shall be inflicted only upon a legal conviction in a court having jurisdiction." When thus construed the section means that any of the officers charged with the offense therein named shall, upon a legal conviction in a court having jurisdiction, be punished as for a misdemeanor and removed from office.

The conduct of the county commissioner as set forth in question No. 2, unless excused by the provisions of law above set forth, constitutes malpractice in office in violation of the Code, § 89-9907, and the offender is subject to indictment under that section for the offense of malpractice in office. The second question is answered in the affirmative.                    *All the Justices concur.*