35676. TROWBRIDGE *v.* DOMINY, Director, *et al.*

Decided May 20, 1955—Rehearing denied June 13, 1955.

*S. T. Allen,* for plaintiff in error.

Eugene Cook, Attorney-General, Hamilton B. Stephens, J. R. Parham, Assistant Attorneys-General, contra.

TOWNSEND, J. ■ (a) As to ground 1 (a) of the motion to dismiss, it is true that no right of appeal lies from a municipal court to the Department of Public Safety. However, in determining what the "writing" of the plaintiff in error constitutes, .it is proper and necessary to construe the pleading in accordance with its allegations and prayers. The pleader is not bound by the name by which he denominates his pleading, as "there is no magic in mere nomenclature." *Girtman* v. *Girtman,* 191 *Ga.* 173, 180 (11 S. E. 2d 782). The plaintiff in error is not bound, therefore, by reason of having designated his pleading "my written appeal from a suspension 'indefinitely' of my driver's license 673021." Accordingly, the pleading when construed in this manner must be held to be an application for a hearing before an agent of the Department of Public Safety, provided for under Code (Ann. Supp.) § 92A-422, which provides in part as follows: "Upon the refusal, suspension, revocation, or cancellation of any learner's, special learner's, operator's or chauffeur's license for cause, a hearing shall be granted on demand before any agent of the Department of Public Safety authorized .by the Director to hear the same, which hearing shall be had

in the county of such person's residence, and need not be a matter of record."

According to the allegations of this application, which on motion to dismiss, as in cases of general demurrer, must be taken to be true, the action of the municipal judge in taking control of the license and entering an order of suspension was void. These allegations disclose, as appears from the statement of facts herein, that police officers served a notice on the plaintiff in error to appear in police court in answer to the charge of violating the ordinance against "violation of pedestrian's rights—duties—accident"; that, before the time for him to appear, the victim had died and he was arrested on a charge of involuntary manslaughter and again for the violation of the ordinance; that, on the hearing before the recorder, the judgment of the court treated the act alleged to be penal as constituting a violation of the law against involuntary manslaughter and also as a violation of the ordinance in question. It is well settled that, where a single act is committed within a municipality which act is penal and constitutes the violation of a State law, and at the same time constitutes the violation of a city ordinance, the State law supersedes the city ordinance, and a conviction based on the city ordinance is void, there being a State case pending. *Mayo* v. *Williams,* 146 *Ga.* 650, 651 (1) (92 S. E. 59). See also *Jenkins* v. *Jones,* 209 *Ga.* 758 (75 S. E. 2d 815). A municipal judge of the City of Atlanta is an ex officio committing magistrate. Code § 27-423. In his capacity as such committing magistrate he is a judicial officer of this State. In his capacity as a municipal court judge he is a judicial officer of the municipality of which he is a public servant. In this case it was within his power to determine whether the act alleged to have been committed by the plaintiff in error constituted a State offense for which he should be bound over to the grand jury, in his capacity as committing magistrate of the State of Georgia, or whether such act constituted a violation of an ordinance of the city, in his capacity as judge of the municipal court. The single act could not have been both; and when the municipal court judge from the evidence on the hearing before him in his capacity as committing magistrate of the State found that there was probable cause to believe that the

State offense of involuntary manslaughter had been committed and bound him over to the grand jury, he lost jurisdiction of the case. Further, it frequently is, and may have been in this case, that the only unlawful act essential to constitute the probable cause to bind over for involuntary manslaughter is the violation of the city ordinance for which judgment of conviction was entered. *Pearson* v. *Wimbish,* 124 *Ga.* 701 (2), 708 (52 S. E. 751, 4 Ann. Cas. 501).

Having found from the evidence as a State officer that the defendant had probably committed the offense of involuntary manslaughter, the judge could not consistently and at the same time find that he had violated the city ordinance, the act constituting the alleged violations being a single act and the State law superseding the city ordinance. The jurisdiction over the driver's license of the plaintiff in error, as provided under Code (Ann. Supp.) § 92A-9908, therefore, was never invested in the municipal judge, and his judgment attempting to suspend the license was void ab initio. A void judgment is a nullity. Code §110-709; *Hart* v. *Manson,* 119 *Ga.* 865 (3) (47 S. E. 345).

The application of the plaintiff in error to the Department of Public Safety together with its exhibits alleged facts showing that the judgment of the municipal judge was void. This application did not ask the municipal judge to do anything. It alleged in effect that the Department of Public Safety had his license; that it had been turned over to that department illegally; that the department was withholding the license from him illegally. The effect of these allegations was to show a suspension or a revocation or a cancellation of the driver's license of the plaintiff in error by the Department of Public Safety. We know of no more effective way of suspending, revoking, and cancelling a driver's license than to take it away from the party who is lawfully entitled to use it. Code (Ann. Supp.) § 92A-414 requires every licensee while operating a motor vehicle to carry such license upon his person. Such licensee would be unable to comply with this provision of the law while such license was being withheld from him. The application prayed that the license thus unlawfully withheld be restored. The application was properly brought under the provisions of Code (Ann. Supp.) § 92A-422. If these alleged facts were made to appear as true

before the hearing officer, he was not only empowered but it was his duty to restore the license. The appeal to the superior court represents a de novo investigation, and that court is invested with the same power and duty.

In consideration of the grounds of the motion shown in the statement of facts under division 1 as to 1(b) and (c) of the motion to dismiss, as hereinbefore pointed out, the "writing" of the plaintiff in error was not an appeal from the municipal court, but was an application for a hearing under Code (Ann. Supp.) § 92A-422. As to ground 1 (d), since the judgment of the municipal court attempting to suspend the license was a void judgment, it was unnecessary for the Director of the Department of Public Safety to have the recommendation of the judge of the municipal court as authority to reinstate the license. Accordingly, Code (Ann. Supp.) § 92A-427.1 does not apply to this case. Grounds 1 (a, b, c, and d) of the motion to dismiss are without merit.

■ As to ground 2 of the motion to dismiss for failure to give bond, Code (Ann. Supp.) § 92A-423 provides that "the decision of such agent or officer of the Department of Public Safety shall be final unless the person whose license has been suspended, revoked or canceled shall desire an appeal, in which case he shall have the right to enter an appeal to the court of the county of his residence, other than a justice's court, having jurisdiction of misdemeanor cases, after notice to the Director, in the same manner as appeals are entered from the court of ordinary, except that he shall not be required to pay the costs in advance." Appeals from the court of ordinary to the superior court are provided for in Code Chapter 6-2 and fix the time in which the appeal is to be entered and the manner in which the appeal is to be made. Section 6-204 provides that, as a condition precedent to such appeals, the costs that have already accrued must be paid, and that bond and security shall be given to the ordinary for such further costs as may accrue by reason of the appeal. Code § 6-203 provides for an affidavit in forma pauperis in lieu of such bond and in lieu of the payment of costs. Obviously the purpose of Code (Ann. Supp.) §§ 92A-422 and 92A-423 was to afford the complaining licensee a hearing before the Department of Public Safety and an appeal to the superior

court as a matter of right. The hearing in the first instance is before the party against whom the wrongful act is alleged, and the appeal is the first opportunity the applicant has for a judicial determination by a non-partisan tribunal. This is not a criminal case and cannot be so construed. Nevertheless, it grows out of a criminal case and necessarily deals with a part of the punishment resulting from a criminal trial. Art. I, sec. I, par. X of the Constitution of the State of Georgia (Code § 2-110), in order to secure for the citizens of this State who are charged with crime full and complete access to the courts, provides that no person shall be compelled to pay costs except after conviction on final trial. The appeal bond required from the courts of ordinary is to protect the opposing litigant from having to pay the costs in case the appellant is cast. *Blount* v. *Dean*, 57 *Ga. App.* 332 (195 S. E. 287). While the State is not the designated party here, it is the real party at interest, the designated party being an officer of the State in his official capacity. By the constitutional provision above cited the State does not protect itself by requiring the payment of costs in advance.

The fact that Code (Ann. Supp.) § 92A-423 exempts the payment of costs in advance shows an intention of the General Assembly to treat the appeal the same as appeals from the court of ordinary except in relation to costs. Otherwise the last clause of the latter section, "except that he shall not be required to pay the costs in advance," would be rendered entirely meaningless. There can be no accrued costs to be paid in advance before the Director of the Department of Public Safety. He is a salaried administrative officer and could not lawfully receive such costs. This fact was best known to the particular General Assembly which created his office and fixed his salary, since it was the same General Assembly which provided for the hearing and appeal in the same act. Also, the General Assembly in 1943 (Ga. L. 1943, p. 198) amended the act so as to provide an increase in salary, and for other purposes, in which it is expressly provided by a part of section 1 that "none of the members of the Department of Public Safety shall receive any salary or compensation for the discharge of their duties, other than their salaries as officers of the State of Georgia, except such legitimate expenses as may be incurred." Thus, applying one of the fun-

damental rules for the construction of legislative acts, that of determining the meaning of the General Assembly, it appears that no appeal bond or pauper affidavit in lieu thereof should be required in such a case as the one here under consideration. Also, the exception as to the payment of costs in advance should be given some meaning under another fundamental rule for the construction of legislative acts. Code § 102-102(9). We can readily see that on a trial in the superior court of such a proceeding costs will accrue. However, on the question of the requirement to give bond, statutes should have a reasonable construction. See *Blount* v. *Dean*, supra, where this construction was given to a statute that required a bond. The same construction should be given to a statute where it is not clear whether or not a bond is required. If this statute should be construed to require the giving of a bond, then this court would necessarily have to go further and provide that, since the ordinary, a constitutional judicial officer of this State, must approve such a bond in cases appealed from the court of ordinary, then the Director of the Department of Public Safety or his hearing officer would be the proper person to approve the bond in this proceeding. In that case, if the hearing officer arbitrarily declined to approve such a bond, then the licensee would have the expense and delay of another lawsuit and proceed by mandamus to require such approval. The result would be that the rights given under Code (Ann. Supp.) §§ 92A-422 and 92A-423 could for all intents and purposes be defeated. The hearing officer designated to hear these applications is not a judicial officer, and is not under oath as such. Since there is no specific requirement for the giving of an appeal bond conditioned on the payment of future costs or in lieu thereof a pauper's affidavit, the language of Code (Ann. Supp.) § 92A-423 is liberally construed so as not to require such bond or affidavit, in keeping with the policy of the government of this State, which is to establish courts primarily to do justice and not to collect costs.

The judgment of the superior court sustaining the motion to dismiss the appeal is error.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*