22090. COLE v. HOLLAND, Solicitor General.

CANDLER, Justice. Jack Holland, as Solicitor General of the Gwinnett Judicial Circuit, instituted a proceeding in the Superior Court of Gwinnett County to remove Daniel C. Cole from his office as sheriff of that county. His petition, as later amended, in substance, alleges: Cole, as sheriff, raided an illegal distillery in his county on or about January 26, 1962. At the distillery, he found and seized 1,380 pounds of sugar, an upright boiler, a large steel tank, a pre-heater and an oil blower—apparatus and appliances which were being used for the purpose of making whiskey. At the distillery, he also found and seized 301 cases of glass jars which the operator

intended to use as containers for whiskey made at the distillery. He stored the sugar and jars in the barn of Horace J. Cofer, one of his deputies, and the other equipment in a garage at Lawrenceville, Georgia. Approximately 258 gallons of whiskey was also seized at the distillery and Cole carried it to the county's jail. On or about May 17, 1962, Cofer, by direction from Cole, turned over the sugar to Marion C. Perry, a "notorious bootlegger" and Cole knew that it would be used for the purpose of making illicit whiskey. Cofer, on direction from Cole, also turned over the glass jars to parties unknown to him, but well known to Cole, and was paid $570 for them— a price fixed by Cole. They were delivered to such unknown parties about midnight and the money Cofer received for them was delivered to Cole who did not account for it to the governing authority of Gwinnett County. The parties who picked up the jars came to Cofer's home in a truck with the lights turned off and they were not turned on until the jars were loaded on it at Cofer's barn and the truck had reached a point about a fourth of a mile from Cofer's barn. During April 1962, Alex S. Evans, one of Cole's deputies and Thomas Ledford removed the upright boiler and oil blower from the place where Cole had stored them in Lawrenceville to an illegal distillery in Gwinnett County where they were again seized by other officers while being used for the purpose of making whiskey and Cole knew of such intended use of them and "condoned and consented" to such act by Evans and Ledford. The amended petition further alleges that Cole, as sheriff, or his deputies, on various occasions and particularly on or about May 19, 1962, June 20, 1962, and January 29, 1963, seized large quantities of nontax-paid whiskey at illegal distilleries in Gwinnett County; that such whiskey was moved to and stored in the basement of the county's jail; that Cole did not dispose of it as required by law; and that he and Alex S. Evans, one of his deputies, together with Marion C. Perry and Harry Gravitt, transferred and removed 240 gallons of it with a truck belonging to deputy Evans to a drive-in theater operated by Gravitt in Gwinnett County where it and the truck were seized by other officers. Cole demurred to the petition as amended on general and special grounds and also answered it. His general demurrers question the sufficiency of the amended petition to state a cause of action for the relief

sought and attack on several grounds the constitutionality of *Code* § 24-2724 which is made applicable to sheriffs by *Code* §§ 24-2814 and 77-111. His special demurrers attack and move to strike several allegations of the petition as amended on the grounds that they are conclusions of the pleader, argumentative in character and not based on otherwise well pleaded facts and for those reasons do not enable the respondent Cole to prepare his defense. His demurrers were overruled and he excepted to that judgment. The case resulted in a verdict for the plaintiff and on that finding a judgment was rendered removing Cole from office. A motion for new trial based on the usual grounds was timely filed by Cole and later amended by adding several special grounds. His amended motion was denied and he also excepted to that judgment. *Held:*

1. We do not think the court erred in overruling the general demurrers Cole interposed to the amended petition. This is true because, (1) its allegations are amply sufficient to show malpractice by him which this court said in *Cargile v. State,* 194 Ga. 20, 23 (20 SE2d 416), is evil, bad or wrong practice in office and, (2) Art. XI, Sec. II, Par. I of the Constitution of 1945 (*Code Ann.* § 2-7901) declares that a county officer "shall be removed upon conviction for malpractice in office." But it is here urged that a conviction in a criminal prosecution against Cole for malpractice in office was a condition precedent to his removal from office. This position is untenable. A sheriff is a county officer and no statute of this State makes an act which amounts to malpractice in office when committed by him a penal offense, but an action to remove him from office is a quasi-criminal proceeding. *Wallace v. State,* 160 Ga. 570 (128 SE 759). The jury's finding that Cole was guilty of the illegal and wrongful acts alleged against him in the amended petition was a "conviction" of him for malpractice in office and a conviction of him for malpractice in the removal proceeding which Holland instituted would authorize a judgment removing him from office. *McClellan v. Pearson,* 163 Ga. 492 (136 SE 429). A ruling different from the one just made would, as to a sheriff, render the removal provision of the Constitution meaningless since, as stated, malpractice in office by him is not a penal offense. Since the referred to provision of the Constitution of 1945 is in no wise dependent for its force and effectuation on *Code* § 24-2724, there is no occasion

and it is not necessary for this court to rule on the constitutional attacks which Cole made on that Code section. On conviction for malpractice in office, the Constitution itself provides for his removal from office and a conviction for malpractice in the proceeding which the solicitor general filed against Cole in the superior court of the county in which Cole resided was a conviction for malpractice in office within the meaning of the constitutional provision which declares that a county officer shall be removed upon conviction for malpractice in office. While no statute has been enacted implementing this provision of the Constitution, *Code* § 3-105, nevertheless provides: "For every right there shall be a remedy, and every court having jurisdiction of the one may, if necessary, frame the other." The fact that Holland in his removal petition states that it was brought under *Code* § 24-2724 is not controlling. To any given facts, this court will apply the law applicable thereto. See *Fontaine v. Baxley*, 90 Ga. 416, 427 (17 SE 1015); *Girtman v. Girtman*, 191 Ga. 173, 180 (4) (11 SE2d 782); and *Trowbridge v. Dominy*, 92 Ga. App. 177, 180 (88 SE2d 161).

2. The judgment overruling Cole's special demurrers is not erroneous. They were interposed to the original petition and renewed to it after it was materially amended. The attack they make on several different allegations of the petition as amended shows no sufficient reason for striking them.

3. Over an objection by Cole that it was irrelevant and immaterial because it did not establish that Marion C. Perry was a "notorious bootlegger" as alleged in the petition and because it is not connected in any way with the respondent Cole since it is not shown by evidence that he had any knowledge of the indictment or that it would make him (Perry) a "notorious bootlegger," a certified copy of an indictment which was returned during 1959 against Marion C. Perry in the United States Court for the the Northern District of Georgia, Atlanta Division, which charged him with the unlawful possession of 145 gallons of nontax-paid whiskey together with his plea of guilty for that offense and a prison sentence of three years, was allowed in evidence, but the judge at that time instructed the jury that it was admitted for the identification as to Perry's reputation and for no other reason. Over the objection made, we do not think the court erred in admitting this

testimony for the limited purpose for which it was allowed. The removal petition as amended alleges that Cole knew that Perry was a "notorious bootlegger" and that he also knew the 1,380 pounds of sugar which he directed his deputy Cofer to turn over to him would be used for the purpose of making illicit whiskey. Cole denied this allegation. The evidence objected to tended to prove that Perry's reputation was that of a "bootlegger" and it was proper for the court to allow it in evidence, as he did, for the limited purpose of proving such allegation only; and this is especially true in this case since other testimony was allowed in evidence without objection which also tended to prove that Perry did frequently engage in the unlawful business of making, possessing and selling illicit whiskey. See *Seymour v. State,* 210 Ga. 21 (2) (77 SE2d 519).

4. Three special grounds of the motion for new trial complain about the following extracts from the charge: Ground 2 ". . . the issue that you have been impaneled to try is determined from the pleadings filed by your solicitor, Mr. Jack Holland, in this case." Ground 3: "The issue . . . you are to determine is whether or not the sheriff has or has not committed any of the acts or particulars as found in Mr. Holland's petition. You will determine whether or not he has committed those acts as alleged." Ground 4: "Now . . . the issue that is in this case is simple. You take the case, take the pleadings and consider all of the evidence that has been produced to you from the trial of the case and if from a consideration of the evidence and from a preponderance of the evidence, you believe by a preponderance of the evidence that the respondent in this case committed any one or more of the particulars as alleged in this petition, you would be authorized to return a verdict in favor of the movant or the solicitor. And in that event the form of your verdict would be: 'We the jury find for the movant.' The effect of that . . . would be that you would find that Mr. Cole has committed one or more of the acts or irregularities as alleged in the petition and that he would be subject to be removed from the office of sheriff." The criticism lodged against these portions of the charge is that each "focused" the jury's attention on the pleadings filed by the solicitor general and led them to conclude that the answer filed by Cole was of no significance and therefore

of no import in ascertaining the issues they were to determine; that each was erroneous and not sound as an abstract principle of law; that each was confusing and misleading to the jury; and that each had the effect of removing from the jury's consideration the following vital and controlling factors: (1) Whether said act or acts, even if committed, were sufficient cause to justify the removal of a sheriff; (2) whether said act or acts, even if committed, directly affected the rights and interest of the public; (3) whether said act or acts, even if committed, were of a substantial nature; (4) each removed from the jury's consideration the issue of good faith on the part of Sheriff Cole which issue was a defense raised by his answer and the evidence; and (5) each was erroneous because it had the effect of directing a verdict in favor of the removal of Cole when no such direction was demanded by the evidence. Neither extract from the charge as complained of is erroneous for any reason alleged. Hence, there is no merit in these special grounds of the motion or any one of them.

5. Where, as here, the judge instructs the jury, "Now . . . the issue that is in this case is simple, you take the case, take the pleadings, and consider all of the evidence that has been produced to you upon the trial of the case and, if from a consideration of the evidence and from a preponderance of the evidence, you believe by a preponderance of the evidence that the respondent in this case committed any one or more of the particulars as alleged in this petition, you would be authorized to return a verdict in favor of the movant . . .," no error, as contended, results from another portion of the charge, namely, "You will look to the testimony, sworn testimony in this case, to determine the truth and nontruth of the allegations set forth." "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall." *Brown v. Matthews,* 79 Ga. 1 (4 SE 13).

6. During Cole's trial, sheriffs and other law enforcement officers from other counties testified to their practice and custom in disposing of articles seized at illegal distilleries. They testified that it was customary practice for raiding officers not to

destroy and render useless distilling apparatus and appliances found at illegal distilleries such as sugar, jars, boilers and other such useful articles. In his charge the court instructed the jury that the practice and custom of other officers with reference to their disposition of seized distilling apparatus and appliances would not justify Cole in failing to destroy them as required by law, but he further instructed the jury that they could consider that evidence for the purpose of determining Cole's good faith and intent in failing to destroy the articles he seized at distilleries raided by him in his county. Cole assigned error on this excerpt on the ground that it withdrew from the jury his defense of good faith and was therefore injurious to him. We see no error in this portion of the charge which would require a reversal of the case. The practice and custom of other officers regarding their disposition of articles seized at illegal distilleries would not excuse or justify Cole in doing likewise. *Hatcher & Baldwin v. Comer & Co.*, 73 Ga. 418. *Code Ann.* § 58-207 plainly required him to summarily destroy and render useless all distilling apparatus and appliances found at the still he raided without any formal order of the court and he was also required by *Code Ann.* § 58-1065 to turn over all whiskey seized at the still he raided to the State Revenue Commissioner, and his official duty to do so could not be changed or altered by the custom and practice of other officers. The evidence in this case not only authorized the jury to find a failure on Cole's part to destroy the apparatus and appliances he seized at this distillery but a wrongful disposal of them to persons who intended to and did use them again for the same unlawful purpose they were being used for when seized by Cole. From the evidence the jury was also authorized to find that Cole did not turn over the whiskey he found and seized at the distillery he raided to the State Revenue Commissioner as he was required by law to do but participated in the unlawful removal of 240 gallons of it from the county's jail to Harry Gravitt's drive-in theater in Gwinnett County where it was seized again about midnight by other officers while loaded on a pickup truck belonging to Alex S. Evans, one of his deputies. The last portion of this instruction was favorable to Cole—moreso than he was entitled to, and this is so because *Code* § 102-105 declares that "Laws, after promulgation, are obligatory upon all inhabitants of this

State, and ignorance of the law excuses no one." In this connection see *Gurley v. State*, 65 Ga. 157. There is no merit in this ground of the motion for new trial.

7. Special ground 7 of the motion alleges that the court erred in failing to give the following charge: ". . . I charge you that good faith may be a defense to the charges against Sheriff Cole and even if you find that Sheriff Cole committed one or more of the acts complained of in the petition, you would nevertheless be authorized to return a verdict in favor of the respondent if you find that Sheriff Cole acted in good faith." It is alleged that the court's failure to give such a charge was erroneous and harmful to movant because (a) the issue of good faith was raised by the pleadings and the evidence, (b) the failure to give such a charge removed from the jury's consideration a valid defense of movant—the defense of good faith, and (c) the failure to give such a charge had the effect of directing a verdict for his removal from office when no such verdict was demanded by the evidence. This ground of the motion shows no error. The amended petition not only charges Cole with a failure to perform official duties clearly imposed on him by law but also with the commission of acts which were in violation of penal statutes which it was his duty as sheriff to enforce. Cole, by his answer, positively denied each wrongful act alleged against him and averred that he had performed the duties of his office in good faith and was not guilty of misbehavior in office. "Good faith" does not in law excuse or justify a sheriff for an intentional failure to perform his official duty or for his intentional commission of an act which is clearly prohibited by law; and this is true because he is presumed to know the law. *Matson v. Crowe*, 193 Ga. 578, 582 (4) (19 SE2d 288). If this were not so, the enforcement of law, especially as it relates to the conduct of public officials, would be a farce. For an exhaustive discussion of the law relating to misfeasance and malpractice in office, see *Cargile v. State*, 194 Ga. 20, supra.

8. Special ground 8 of the motion alleges that the court erred in failing to give to the jury the following charge or a charge of similar import: "In order for you to return a verdict for the removal of Sheriff Cole from office, you must find: (1) That Sheriff Cole committed one or more of the acts complained of in the petition; (2) that he committed such act or acts in his

capacity as Sheriff of Gwinnett County;. (3) that said act related to a matter substantial in nature; and (4) that said act directly affected the rights and interest of the public. All of these elements must be present before you can find in favor of removal and the burden is on the movant, the solicitor to prove the existence of these elements." This ground of the motion is not meritorious. Movant made no request for such a charge, and the charge as given fully and correctly submitted all issues involved in the case to the jury for their consideration and determination.

9. The evidence, though conflicting, amply authorized the verdict. Hence, there is no merit in the general grounds of the motion.

*Judgment affirmed. All the Justices concur, except Head, P. J., who dissents.*

ARGUED JULY 8, 1963—DECIDED SEPTEMBER 5, 1963.

*Wheeler, Robinson & Thompson,* for plaintiff in error.

*Jack Holland, Solicitor General,* contra.

HEAD, Presiding Justice, dissenting. I dissent from the ruling in Division 5 of the opinion and from the judgment of affirmance. As shown by the record, the court charged the jury that: "You will look to the testimony, sworn testimony in this case to determine the truth or nontruth of the allegations as set forth." This was an undue limitation since under this charge the documentary evidence would be excluded from consideration by the jury. See *Fowler v. State,* 187 Ga. 406 (1 SE2d 18) ; *Buttersworth v. State,* 200 Ga. 13 (36 SE2d 301). Subsequently the court charged the other principle quoted and set forth in Division 5 of the opinion. It must be noted that the trial court did not in this part of his charge (nor elsewhere therein) refer to and withdraw, or explain, the previous incorrect charge. "A charge embodying an erroneous principle and one which has a tendency to injure the losing party is not cured by a subsequent instruction embodying a correct statement of the law, when attention is not called to the previous charge. A charge containing two distinct propositions directly conflicting the one with the other is calculated to leave the jury in such a confused condition of mind that they can not render an intelligent verdict." *Morris v. Warlick,* 118 Ga. 421 (2) (45

SE 407) ; *Bryant v. State,* 191 Ga. 686, 719 (13) (13 SE2d 820). If a sheriff's right to hold his office is to be taken from him, it should be done only in a proceeding in strict compliance, in all respects, with the applicable rules of law.