## 38931. BEAUCHAMP v. SMITH.

MARSHALL, Justice.

The Butts County grand jury, in its investigation of the office of the appellant Tax Commissioner of Butts County, conducted a hearing. The appellant attended the hearing in person, waiving his right to counsel, and made a statement at the close of the evidence. The presentments of the grand jury recommended that the appellee District Attorney of the Flint Judicial Circuit file a petition for removal of the appellant from office for malpractice in office, which the appellee did. The trial judge denied the commissioner's motion to dismiss the petition, and we granted his application for interlocutory appeal.

1. 1976 Const., Art. IX, Sec. I, Par. VIII (Code Ann. § 2-5808) provides, inter alia, that county officers "shall be removed upon conviction for malpractice in office . . ." The appellant concedes that the petition is based on this provision of the Constitution, but contends that the provision is deficient for vagueness and is not self-executing, because it (1) does not specify who shall be empowered to remove a county officer for malpractice in office; (2) does not provide for any mandatory notice of the charges nor opportunity to be heard; (3) does not provide for any procedure; and (4) requires a "conviction" before removal is authorized.

It has been held that "[u]nless the language indicates the necessity of enabling legislation, constitutional provisions for removal from office, impeachment or declaration of vacancy are self-executing." 16 CJS 161, Constitutional Law, § 54(c). This court has held that county tax commissioners are "county officers" under this provision. *Lowndes County v. Dasher,* 229 Ga. 289 (3) (191 SE2d 82) (1972); and see *Lucas v. Woodward,* 240 Ga. 770 (1) (243 SE2d 28) (1978). We have upheld the procedure of a petition for removal brought in superior court by the solicitor general (now district attorney). *Cole v. Holland,* 219 Ga. 227 (132 SE2d 657) (1963). As to notice, opportunity to be heard, and procedure, these are matters which are provided elsewhere by the Constitution and statutes. The appellant does not contend that he has not had notice or opportunity to be heard, or that the procedure used was unlawful. As to the

requirement of a "conviction," we have held that this refers to a conviction in the proceeding for removal; hence, no separate criminal proceeding is required. *Cole v. Holland,* 219 Ga. 227, supra, (1).

2. The appellant argues that *Cole,* supra, is not applicable to the facts in the case sub judice, because, at that time, no statute existed which would authorize removal from office for malpractice in office, whereas now there are several such statutes.[1]

We held in *Cole,* supra, at p. 230: "While no statute has been enacted implementing this provision of the Constitution, Code § 3-105, nevertheless provides: 'For every right there shall be a remedy, and every court having jurisdiction of the one may, if necessary, frame the other.' The fact that Holland in his removal petition states that it was brought under Code § 24-2724 is not controlling. To any given facts, this court will apply the law applicable thereto. [Cits.]" The above indicates that the court intended that an equitable proceeding would lie to implement this provision of the Constitution even in the absence of a statutory framework. The fact that there now exist a number of specific statutes — one or more of which may cover the present situation — does not demand the conclusion that these statutes are in exclusion of the general constitutional provision. The present petition does not allege the specific legal basis upon which it was brought. Even if it had, the above-quoted language from *Cole* indicates that that would not have been controlling, and that we can apply the applicable law to the facts.

3. Finally, the appellant argues that, even if the constitutional provision in question is sufficiently self-executing and otherwise definite enough to be authority for the proceeding, the phrase "malpractice in office" is too vague to be enforceable, and the acts alleged do not come within its ambit.

We have defined "malpractice in office" in this context as "evil, bad or wrong practice in office." *Cole,* 219 Ga. 227, supra, p. 229 (1) and cit. The present petition alleges substantially that the appellant, as Tax Commissioner of Butts County, knew that an employee had wrongfully removed public funds from the appellant commissioner's

---

[1] The appellant cites us to the following statutes: Code Ann. § 91A-1330 (failure to account); § 91A-1349 (failure to collect interest); § 91A-1350 (failure to report state taxes); § 91A-1357 (failure to furnish the governing authority with a specified report); § 91A-1358 (failure to pay over interest collections); § 91A-1344 (removal by governor for neglect of duty); § 91A-1352 (removal by governor for failing to submit account); § 91A-1380 (making an improper digest); § 91A-1386 (removal by governor for failing to do duty or give bond); and Code Ann. §§ 91A-9908 through 9913. (See also, generally, Code Ch. 89-99.)

office on two occasions; that the appellant took no formal steps to recover said funds; that he failed to properly supervise said employee after he learned of the removal of the funds; that he and all his employees were allowed to remove public funds from the office upon placing I. O. U.'s in the drawer where the money was kept; that he allowed the employee to keep the stolen funds (she acknowledged having stolen about $9,000) until "before the next audit"; and that all of these practices on the part of the appellant led to the theft of public funds.

In our opinion, these allegations of malpractice in office were sufficient to withstand the motion to dismiss; therefore, the trial court did not err in overruling the motion to dismiss.

*Judgment affirmed. All the Justices concur, except Jordan, C. J., who concurs in the judgment only, and Smith, J., who dissents.*

DECIDED SEPTEMBER 23, 1982 — REHEARING DENIED OCTOBER 5, 1982.

*Groover & Childs, Denmark Groover, Jr., Garland & Milam, Byrd Garland,* for appellant.

*E. Byron Smith, District Attorney, Donald J. Coffey, Assistant District Attorney,* for appellee.