lees.

A90A1407. WILLIAMS v. THE STATE.
(398 SE2d 381)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of forcible rape. He appeals from the trial court's failure to grant his motion for new trial on the ground of newly discovered evidence.

In support of his motion for new trial, appellant introduced affidavits wherein the victim's mother and two others swore that, after the trial, the victim had recanted. These affidavits did *not* affirmatively show that the victim had no personal knowledge of the inculpatory facts to which she had testified at trial. Compare *Fugitt v. State*, 251 Ga. 451, 452 (1) (307 SE2d 471) (1983). Even if appellant had supported his motion by producing the post-trial recantation of the actual victim herself, a new trial would not be warranted. "That a material witness for the State, who at the trial gave direct evidence tending strongly to show [appellant's] guilt, has since the trial made statements [even] under oath that his former testimony was false, is not cause for a new trial. [Cits.]" *Fowler v. State*, 187 Ga. 406, 407 (7) (1 SE2d 18) (1939). "Declarations made after the trial are entitled to much less regard than sworn testimony delivered at the trial. This difference in value must be recognized so long as there has been no conviction of perjury. Provision is made for setting aside verdicts resting on perjury, but there must first be a conviction. [Cit.]" *Brown v. State*, 60 Ga. 210, 212 (1) (1878). Appellant's motion for new trial on the ground of newly discovered evidence was correctly denied.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 26, 1990 —
REHEARING DENIED OCTOBER 16, 1990.

*James D. Dunham*, for appellant.

*W. Fletcher Sams, District Attorney, William T. McBroom III, Assistant District Attorney*, for appellee.