21842. SAMS v. SEABOARD AIR LINE
RAILROAD COMPANY.

ARGUED NOVEMBER 14, 1962—DECIDED JANUARY 16, 1963.

*Sams & Sams, Augustine Sams, Marion A. Sams, Edward S. Sams,* for plaintiff in error.

*Henry B. Troutman, Jr., Troutman, Sams, Schroder & Lockerman, L. M. Awtrey, Jr., Edwards, Bentley, Awtrey & Bartlett,* contra.

ALMAND, Justice. The judgment under review is one dismissing, on motion made by the defendant, a petition praying for injunctive relief and damages. The plaintiff, Charles J. Sams, in his two-count petition sought to restrain the defendant, Seaboard Air Line Railroad Company, from closing or discontinuing a roadway and bridge over the railroad's right of way and to recover damages. The plaintiff in count 1 claimed the right to use the bridge as a means of egress and ingress from his property to a public road by reason of prescriptive use and in count 2 on the basis of implied qualified dedication by the railroad of its right of way as a part of the public road.

■ *Count one.* The plaintiff alleged that he was the owner of a tract of land through which the defendant railroad's right of way ran; that more than twenty years ago the defendant erected a wooden bridge over a cut in the terrain caused by its railroad line in order to afford an outlet for vehicles and landowners south of the railroad line to Cooper's Lake Road; that the roadway, including the bridge, was not over fifteen feet in width; that said bridgeway has been in continuous and uninterrupted use by petitioner and other land owners for over seven years; that the bridge was built and maintained by the railroad during this period; that the railroad has placed barriers on the bridge, blocking the roadway, and threatened to demolish the bridge; and that plaintiff has suffered damages in a specified sum.

One of the essential requirements for the acquiring of a pre-

scriptive right of way over the lands of another is that the party claiming such right has kept the way in repair. *Code* § 83-112. See *Wheelus v. Trammell*, 204 Ga. 883 (52 SE2d 471). The plaintiff does not allege that he has kept the bridge in repair but rather alleges that the defendant built and has maintained the bridge at its own expense. In *Charleston & Western Carolina R. Co. v. Fleming*, 118 Ga. 699, 703 (45 SE 664), the plaintiff sought to enjoin the defendant railroad from blocking or interfering with an alleged prescriptive way over its right of way and tracks. It was alleged that the wagon road, "except that portion lying within the right of way," had been kept in repair by plaintiff. In holding that the plaintiff failed to allege a prescriptive right to use the way located on the right of way, this court said: "As has been seen, the portion of the road within the right of way of the railroad company was the only part thereof that it was necessary for him to keep up in order to gain an easement. It mattered nothing, so far as the railroad company was concerned, whether he kept up the wagon-road on his own land or not; but in order for him to acquire a private way by prescription across the land of the defendant, it was vitally necessary for him to keep in repair that part of the road which crossed its right of way." See also *Mayor &c. of Savannah v. Standard Fuel Supply Co.*, 140 Ga. 353 (3) (78 SE 906, 48 LRA (NS) 469).

The ruling here made is not contrary to the holding in *Carlton v. Seaboard Air-Line Railway*, 143 Ga. 516 (85 SE 863, AC 1917A 497). In that case the plaintiff sought to enjoin the defendant railroad from closing a wagon road which passed under a trestle on its right of way which ran through plaintiff's property. At the time the right of way was acquired and before the trestle was built, there was in existence a private road, not more than fifteen feet in width, which had been continuously used and kept in repair by the plaintiff for more than seven years. The petition was held not subject to general demurrer. The difference in the two cases is that the plaintiff here does not allege that he kept the bridge crossing in repair.

Count 1, failing to allege one of the essential requirements for obtaining a prescriptive right to use the bridge on the defendant's property, was properly dismissed.

■ *Count two.* This count adopted all of the paragraphs of count 1 except paragraph 6 which alleged a public use for more than twenty years, and alleged in place thereof as follows: "The defendant Railroad Company constructed a bridge and crossing over its right of way so as to afford continuous travel on the road over the right of way, and thereafter maintained the crossing in good order at its own expense for a period in excess of thirty years during which time the road has been used by the general public and in particular by petitioner as an outlet into Cooper's Lake Road and such acts on the part of the defendant railroad company constitute an implied qualified dedication of its right of way and said bridge as a part of the public road including the right of way occupied by the actual crossing by said bridge."

The allegations of fact in this case are substantially the same as appear in the case of *Dunaway v. Windsor,* 197 Ga. 705 (30 SE2d 627), in which case Dunaway sought to enjoin Windsor from trespassing on his property. Windsor's home was east of Dunaway's and there was a private road from Dunaway's property to Gun Club Road, a public road. Windsor claimed he had the right to the use of the way or road from the Dunaway property to his home by reason of implied dedication and prescription resulting from more than seven years use of the way by him and other property owners east of the Dunaways. In holding that the evidence was insufficient to show either dedication or a prescriptive right in the way, this court spelled out the essentials of implied dedication. Though a road or highway may come into existence by the owner impliedly dedicating his property to public use, an intent on his part to dedicate his property to a public use is essential. The mere fact that the public uses the property of a private individual is not inconsistent with the retention of dominion by the owner, so the mere use of one's property by a small portion of the public, even for an extended period of time, is not sufficient to authorize an inference that the property has been dedicated to a public use unless it clearly appears that there was an intention to dedicate and that this dedication was accepted by the public authorities either in express terms or by implication resulting from the maintenance of a way public in nature. In support of these rulings the court cited *Healey v.*

*City of Atlanta,* 125 Ga. 736 (54 SE 749); and *Swift v. Mayor &c. of Lithonia,* 101 Ga. 706 (29 SE 12). See also *Mayor &c. of Savannah v. Standard Fuel Supply Co.,* 140 Ga. 353 (3), supra, for a similar ruling upon facts somewhat akin to the facts in the instant case.

The allegations in count 2 show that the defendant railroad constructed and maintained the bridge over its right of way. There was no showing that the public authorities ever repaired or maintained the way on either side of the bridge. Though there are allegations that the plaintiff and other owners of property on the south side of the bridge had used it in traveling to the public road on the north side of the bridge, the allegations that the railroad built and maintained the bridge at its own expense contradicts the claim that it was a public road. The alleged facts show that the railroad built the bridge for a small number of landowners on the south side of its right of way for their convenient travel to the public road on the north. The use of the bridge was permissive. The alleged facts are insufficient to show qualified implied dedication of the bridge to a public use.

The plaintiff relies on *Atlantic C. L. R. Co. v. Donalsonville Grain &c. Co.,* 184 Ga. 291 (191 SE 87), to show qualified implied dedication. There the plaintiffs sought by a petition for mandamus to require the defendant railroad to remove certain barriers it had erected on each side of its right of way preventing the use of Henderson Avenue, a public street, in the City of Donalsonville. It was alleged that Henderson Avenue was a public street, sixty feet in width except where it crossed the defendant's tracks, which had been used for public travel for more than thirty years and that the crossing had been maintained by the defendant railroad as required by law (*Code* § 94-503) during this period. It was there ruled that the affirmative acts of the railroad in constructing and maintaining the crossing at its own expense denoted compliance with *Code* § 94-503, and further showed its intention to dedicate the crossing for public use. In the instant case the bridge was not a part of a public road or a private way established by law or by prescription. The railroad in the instant case kept the bridge in repair though it was not required by law to do so. See *Cox v. East Tennessee, V. & G. Railroad,* 68 Ga. 446 (2).

The trial judge did not err in dismissing the plaintiff's petition, as to both counts, upon motion made by defendant.

*Judgment affirmed. All the Justices concur.*