23127. CITY OF CORNELIA et al. v. SOUTHERN RAILWAY COMPANY.

PER CURIAM. The Southern Railway Company filed a petition in the Superior Court of Habersham County, seeking to enjoin the City of Cornelia, its agents, servants and employees from trespassing on land allegedly owned by the railroad. The jury returned a verdict for the plaintiff. The exception is to an order overruling the city's motion for new trial, as amended. *Held:*

1. The court having charged the jury that if you find that the railroad has shown title to only a part of the land in dispute and that the city has failed to prove an easement either by prescription or by dedication, the form of your verdict would be, we, the jury, find in favor of the railroad, and you will describe that part of the tract, if you can describe it from the evidence, the court did not err as complained of in the first special ground of the motion for new trial in instructing the jury that if you are unable to locate that particular tract of land from the evidence, of course you would overlook the instruction as to that form of the verdict. Immediately following the charge complained of, the court instructed the jury that if the city has proven by a preponderance of the evidence that it has an easement in this strip of land as contended by the city, either by prescription or by dedication, the form of your verdict would be, we the jury, find in favor of the city. *Brown v. Matthews,* 79 Ga. 1 (4 SE 13) ; *Cole v. Holland,* 219 Ga. 227 (5) (132 SE2d 657).

2. The court did not err as complained of in the second, third and fourth special grounds of the amended motion for new trial in charging the jury (1) you are instructed that if you

find from a preponderance of the evidence that the railroad has established its title to the land described in its petition, the railroad would be entitled to prevail unless it be made to appear from the evidence that the city had acquired an easement for street purposes over the land to which the railroad claims title in some manner the law authorizes for the establishment of an easement for street purposes; (2) you will look to all of the evidence adduced in this case and determine from the evidence if there was an intention on the part of the railroad to dedicate any of the land to public use for a street to which it had title, and if the intention to dedicate did not exist, then there could be no such dedication because intention to dedicate is an essential element of dedication; (3) if you find from a preponderance of the evidence that the travel by the general public over the area under investigation was merely permissive on the part of the railroad or that such occurred by persons other than its customers or patrons when the property was not being otherwise used by the company in the operation of its business, you would not be authorized to conclude that such use by the public would amount to a dedication of its property for street purposes. The above excerpts from the charge stated correct principles of law and were not erroneous for any reason assigned. *Georgia Railroad &c. Co. v. City of Atlanta,* 118 Ga. 486 (45 SE 256); *Mayor &c. of Savannah v. Standard Fuel Supply Co.,* 140 Ga. 353 (2) (78 SE 906, 48 LRA (NS) 469); *City of Atlanta v. Georgia R. &c. Co.,* 148 Ga. 635 (98 SE 83); *Seaboard Air Line R. Co. v. Greenfield,* 160 Ga. 407 (3a) (128 SE 430); *Dunaway v. Windsor,* 197 Ga. 705 (30 SE2d 627); *Nassar v. Salter,* 213 Ga. 253 (98 SE2d 557); *Sams v. Seaboard Air Line R. Co.,* 218 Ga. 569, 572 (129 SE2d 859).

3. The principal issues on the general grounds were (1) whether the railroad had title to the property in dispute, and (2) whether the city acquired an easement either by prescription or by dedication. The evidence, being in conflict on the above issues, was sufficient to support the verdict for the railroad.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*

SUBMITTED SEPTEMBER 15, 1965—DECIDED OCTOBER 7, 1965.

*Crawford & Griggs, Linton K. Crawford,* for plaintiffs in error.

*Wheeler, Robinson & Thompson, Emory F. Robinson, Robinson, Thompson, Buice & Harben,* contra.